CARL GUINN ET AL v. ARKLA CHEMICAL
CORPORATION

5-6185                                    490 S.W. 2d 442

Opinion delivered February 19, 1973

*Youngdhal, Brewer & Huckabay,* for appellants.

*Blanchard, Walker, O'Quint & Roberts,* Shreveport, La., and *Smith, Williams, Friday, Eldredge & Clark,* for appellee.

LYLE BROWN, Justice. This case concerns the claim of appellant and 112 fellow employees similarly situated, to unemployment benefits. The local office and the appeals referee of the employment security division denied benefits. The board of review reversed. The circuit court reversed the board of review. From that denial of compensation the workers have appealed.

On August 1, 1970, the contract between appellants' union and appellee employer expired. A strike was instituted September 9, 1970 because bargaining efforts failed. The strike was in full force until November 5, 1970, at which time the employer ammounced the closing of the plant for stated economic reasons, including a tight timber supply, a depressed market, and substantial operating losses. As of that date all picketing, boycotts, union benefits and other strike activity ceased. The employer termina-

ted the group medical hospitalization policy which it had maintained for the employees. The employer started using the plywood manufacturing facility for fertilizer storage, the fertilizer being manufactured at a different plant.

In denying benefits the appeals referee said that the original dispute that caused the strike and suspension of operations on September 9 still continued as evidenced (a) by the fact that the strike issues had not been settled and (b) the employer was ready, willing and able to continue negotiations. He also noted that mere removal of pickets from a struck plant does not result in the termination of a labor dispute; and that the dispute still continued. The referee succinctly stated the position of the employer on appeal. Conversely, the board of review, in reversing the appeals referee, pointed up in a few words the position of the employees:

> The board of review finds that claimants, after notification by the employer that it was closing its plant indefinitely for economic reasons, were not out of work because of a labor strike. Thus claimants did not leave or lose employment by reason of a labor dispute. Claimants could not work since no jobs were available after the employer closed the plant.

The points argued for reversal of the circuit court and reinstatement of the findings of the board of review are (a) that substantial evidence supports the finding and conclusion of the board that the weeks of unemployment in issue were not by reason of a labor dispute, and (b) that affirmance of the finding of the board of review is required by judicial interpretation of the unemployment compensation system.

The applicable statute is Ark. Stat. Ann. § 81-1105 (f): "If so found by the commissioner, no individual may serve a waiting period or be paid benefits for the duration of any period of unemployment if he lost his employment or has left his employment by reason of a labor dispute other than a lockout at the factory, establishment, or other premises at which he was employed (regardless of whether or not such labor dispute causes any reduction or cessation of operations at such factory, establishment or other premises of the employer), as long as such labor

dispute continues, and thereafter for such reasonable period of time (if any) as may be necessary for such factory, establishment or other premises to resume normal operation. . . ."

We think the statute just quoted, and the written communications between the parties, are decisive of this case. In substance the statute provides (as applied to the case before us) that no worker shall be paid benefits for any period of unemployment if he lost employment, or left his employment, by reason of a labor dispute. The fact that a labor dispute continues for a prolonged time does not alter the rule because the statute says the disqualification shall continue "so long as such labor dispute continues".

It is undisputed that the workers left their employment by reason of a labor dispute. It is also clear to us that the labor dispute continues. Under date of November 4, 1970, the Arkla official wrote the union representative that the "rock bottom" offer "would initially cost the company more than the last previous offer that the union had on the table". Nevertheless, the proposal was submitted to Arkla's management and after considering all the facts "the decision was made to suspend operations". The letter was concluded with this statement: "We are ready to continue our negotiations at such times as is convenient for both parties in the hope that we can reach an agreement in the event that the plant is to be reactivated". In its reply to that letter from Arkla, the union agent responded on November 6. There it was stated that the union noted the possibility of reopening the plant "at sometime in the future". It was requested that if and when the decision to reopen materialized that the union be notified "so that negotiations can be resumed".

Several elements of economics entered into the decision to suspend operations but it was made clear in Arkla's letter that the union's "rock bottom proposal" was of considerable economic importance. But be that as it may, the strike caused the appellants to leave their employment and a new contract was never consummated. The most that can be said was that, although Arkla was willing to continue the negotiations, the union preferred to suspend negotiations until the plant reopened. Naturally,

if the union desired to suspend bartering, the company was powerless to continue it.

The board of review attached considerable significance to a factor that is not covered by the statute under any reasonable interpretation. In its opinion the board stated: "Claimants could not work since no jobs were available after the employer closed the plant". Consequently, the board reasoned, the "claimants did not leave or lose employment by reason of a labor dispute". The fact is that the employees initially left their employment by reason of a labor dispute and the fact that Arkla elected not to resume operations for the present is of no significance under the cited statute. In fact the statute says there is still a labor dispute regardless of cessation of operations. Here we point out that had the factory burned down, or if the wood-paneling equipment had been moved, we might have a different situation.

Cases from other jurisdictions are not helpful because, so far as we have been informed, the other jurisdictions do not have a statute on all fours with ours. For example appellant cites a Texas case and contends the Texas statute is identical with ours. But see, to the contrary, *Kraft* v. *Texas Employment Commission*, 418 S.W. 2d 482 (1967). Unfortunately we have no Arkansas case interpreting the pertinent statute.

Alternatively, appellant contends there was a lockout by the employer. It is conceded that the lockout theory was not developed at any of the hearings; in fact it is suggested that we remand the case for further consideration of the theory. That suggestion would result in piece-meal litigation and we respectfully decline to send the case back for that purpose.

Affirmed.