1060

RANDALL, BURKART/RANDALL
DIVISION OF TEXTRON, INC. *v.*
Charles L. DANIELS, Director, Arkansas Department
of Labor; Henry L. McHENRY, Administrator,
Arkansas Employment Security Division;
and Ricky WILKERSON et al*

CA 79-76 \_\_\_\_ S.W. 2d \_\_\_\_

Opinion delivered September 26, 1979
and released for publication May 7, 1980

*Oscar Fendler* and *Michael W. Hawkins of Dinsmore, Shohl, Coates & Deupree,* for appellant.

*Youngdahl, Larrison & Agee,* for appellees.

MARIAN F. PENIX, Judge. This case was appealed to the

*Affirmed by Arkansas Supreme Court April 14, 1980, 268 Ark. 375, 597 S.W. 2d 71 (1980).

Arkansas Supreme Court and by that court assigned to the Arkansas Court of Appeals pursuant to Arkansas Supreme Court Rule 29(3).

The question to be resolved in this case is whether the claimants-appellees, who participated in a strike against the appellant-company, are precluded from unemployment compensation benefits because of the "labor dispute" disqualification provision of the Arkansas Employment Security Act [Ark. Stat. Ann. §81-1105(f) (Repl. 1976)] .

Collective bargaining negotiations over a new contract between the company and the United Auto Workers (UAW) were begun in July of 1977. By September 8, 1977 a new contract had not been produced, and the union called a strike, setting up a picket line. Negotiations continued during the strike. On September 27 the company made a contract offer which they stated would remain on the table until October 5 at 12:01 a.m. after which time the offer would be withdrawn. This offer was rejected October 2. On October 16, 1977, the picket line was removed.

Also on October 16, 1977, the appellees sent the following mailgram to appellant:

> The United Auto Workers hereby accept the company's last contract offer and ends the strike effective October 16, 1977.

> All Strikers hereby apply unconditionally for reinstatement to their old jobs or for maximum job rights legally available.

> This is a continuing application for employment. The Union will assist in contacting strikers in any way possible.

During the strike the company had hired permanent replacements for the striking employees. As of October 16, 1977, there were no available jobs for the strikers who wished to return to work. These then unemployed workers filed claims for unemployment compensation benefits. The Special

Examiner found the workers to be ineligible for benefits from September 8, 1977 to October 16, 1977, due to the labor dispute disqualification of Ark. Stat. Ann. § 81-1105(f). As of October 16, 1977, however, he found them to be eligible for benefits because they were no longer unemployed by "reason of a labor dispute." the labor dispute having ended on October 16, 1977, with the unconditional offer to return to work. On appeal the Board of Review reached the same conclusion, ruling the workers were entitled to unemployment benefits beginning October 16, 1977. The decision was affirmed by the Circuit Court.

The appellant contends a labor dispute continued because the appellant's offer had not been accepted by the appellees by the October 5 deadline imposed by the appellant-company. Appellant relied heavily on *Guinn v. Arkla Chemical Corp.*, 253 Ark. 1029, 490 S.W.2d 442 (1973). *Guinn* is distinguishable from this case. There the employer company closed its plant and the employee-claimants never made themselves available for returning to work. Claimants were denied unemployment compensation. An unconditional offer to return to work was absent in *Guinn*. Therefore, we feel *Guinn* is not applicable here. The appellant cites cases from other states. However, because the statutes from such other states are not identical to the Arkansas Employment Security Act we feel these cases are not of benefit to us.

The appellees rely on *Little Rock Furniture Manufacturing Co. v. Commissioner of Labor*, 227 Ark. 288, 298 S.W. 2d 56 (1957) and *Rainfair, Inc. v. Cobb*, 229 Ark. 37, 312 S.W. 2d 906 (1958). These cases, while factually on point, were decided prior to 1959. Until 1959 the disqualification section of the Arkansas Employment Security Law read:

An individual shall not be eligible for benefits for any week with respect to which it is found that his unemployment is due to a *stoppage of work* which exists because of a labor dispute at the factory, establishment, or other premises at which he is or was last employed . . .

An offer by strikers to return to work would terminate the

*stoppage of work.* An offer to return would certainly be material. The 1959 change in the law deleted the words *stoppage of work.* We cannot accept the appellees' argument that the *Little Rock Furniture* and *Rainfair* cases were dispositive in the present case. We feel the wording change in the statute affects the validity of these cases.

Under the present wording of Ark. Stat. Ann. § 81-1105(f):

> If so found by the Commissioner, no individual may serve a waiting period or be paid benefits for the duration of any period of unemployment if he lost his employment or has left his employment by reason of a *labor dispute* other than a lockout at the factory, establishment, or other premises at which he was employed (regardless of whether or not such labor dispute causes any reduction or cessation of operations at such factory, establishment or other premises of the employer), as long as such labor dispute continues, and thereafter for such reasonable period of time (if any) as may be necessary for such factory, establishment, or other premises to resume normal operation. [Emphasis added]

The crucial term is "labor dispute". This term has not been specifically defined in Arkansas by statute nor by court decisions. The appellant company would have us adopt the definition given by Section 2(9) of the National Labor Relations Act:

> [A]ny controversy concerning terms, tenure or conditions of employment or concerning the association or representation of persons in negotiating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment, regardless of whether the disputants stand in the proximate relation of employer and employee.

The definition of "labor dispute" in the National Labor Relations Act was not adopted in the Arkansas Employment Security Act. We believe all of the facts and circumstances in

each case must be considered in determining whether a "labor dispute" exists or has terminated within the meaning of the Arkansas Act. We hold that the collective and unconditional offer by the striking employees to return to work terminated the "labor dispute" within the meaning of Ark. Stat. Ann. § 81-1105(f).

The lower court held as a matter of fact the labor dispute had ended. The appellant asserts this holding to be an erroneous conclusion of law. We hold the decision to be a correct conclusion of law.

This court need not address the issue raised by appellees that a broad definition of § 4(f), supra, conflicts with the NLRA and would therefore be pre-empted by the NLRA.

Affirmed.