ARLINGTON HOTEL *v.* DIRECTOR OF LABOR

E 81-207                                    633 S.W.2d 46

Court of Appeals of Arkansas
Opinion delivered May 19, 1982

*House, Holmes & Jewell, P.A.,* by: *J. Bruce Cross* and *Donna Smith Galchus,* for appellant.

*Bruce H. Bokony,* for appellee.

MELVIN MAYFIELD, Chief Judge. This is an employer's appeal of an award of unemployment compensation. Claimants were nonunion employees of the Arlington Hotel in Hot Springs. On March 12, 1981, several of the employees and a union official requested that the hotel recognize the International Ladies Garment Workers' Union as the exclusive bargaining agent for the employees. The hotel's general manager told them they could file a petition with the National Labor Relations Board to request an election but that he disputed their contention that the union represented the employees. The employees then staged a strike, setting up picket lines around the hotel on March 13, 14, 15, 16, 1981, in an attempt to induce recognition of the union.

During this period, the general manager called the local unemployment office to request that applicants be referred to him so he could hire new employees, but this request was refused as a labor dispute was in process. Information about the vacant positions apparently then was passed from one person to another until the hotel again had a full staff. At no time, however, did the hotel cease operations because of the strike.

On March 16, without having achieved its intended purpose, the strike ended, picket lines were removed, and the employees requested their jobs back. The following day they reported to the general manager with written unconditional requests for reinstatement. In individual interviews, he informed them that former positions were no longer available because permanent replacements had been hired during the strike but he told them that they would be called back if their former positions became vacant. A call-back list was established, and by the time of the hearing from which this appeal comes, several of the former employees had been rehired.

The employees who were not rehired filed claims for unemployment benefits which were allowed by the agency. The employer then appealed and the agency's determination was upheld by both the appeals tribunal and the board of review. The statute involved is Ark. Stat. Ann. § 81-1105 (f) (Repl. 1976), which provides:

> If so found by the Director no individual may serve a waiting period or be paid benefits for the duration of any period of unemployment if he lost his employment or has left his employment by reason of a labor dispute . . . *as long as such labor dispute continues,* and thereafter for such reasonable period of time (if any) as may be necessary for such factory, establishment, or other premises to resume normal operation. (Emphasis added.)

The board of review found that the claimants left their jobs due to a labor dispute which ended on March 16 and the claims for benefits were allowed with March 16 considered to be the first day of unemployment.

The employer has appealed to this court and contends the board erred in ruling that the labor dispute ended when the strike ended. Appellant argues that the labor dispute over recognition of the union still continues, pointing out that after the strike ended the union filed a petition for election with the National Labor Relations Board; that an election was held on May 29, 1981; that the employees' votes for the union carried; and that 19 ballots were challenged by the hotel. Additionally the union filed a charge alleging an unfair labor practice in the method by which the hotel returned strikers to work and a union representative testified that a hearing had been scheduled on this charge.

Appellant argues that, considering these poststrike activities and the fact that appellant has steadfastly refused to recognize the union and that no negotiations have taken place since the strike, the labor dispute has not ended.

In support of its position, the appellant cites *Guinn* v. *Arkla Chemical Corp.*, 253 Ark. 1029, 490 S.W.2d 442 (1973)

and says it "dispels any doubt that a labor dispute may continue beyond the duration of any strike which happens to be associated with the underlying dispute." But we think the situation there was different from the situation here. There, while a strike was in progress, the employer closed the plant for economic reasons and all strike activity ceased. In its letter notifying the union representative of its decision to close, the company said it was ready to continue negotiations "in the hope that we can reach an agreement in the event that the plant is to be reactivated." The union replied with the request that it be notified if and when the decision to reopen materialized "so that negotiations can be resumed." Against that factual background, the court said it is "clear to us that the labor dispute continues."

Here, however, the hotel employees ceased all strike activity on March 16, 1981, and on that day, and the day following, they applied unconditionally for reinstatement. The record shows the hotel continued its operation throughout the strike, and with the replacement workers filling positions to full staff complement, it was operating normally on March 16.

In *City of Ft. Smith* v. *Moore,* 269 Ark. 617, 599 S.W.2d 750 (Ark. App. 1980), this court said "when the employees cease all strike activity and apply unconditionally for reinstatement and the employer has resumed all normal operations, the labor dispute is regarded as terminated and claimants may not be disqualified under the 'labor dispute' provision." In support of that statement we cited *Burkhart/Randall Div.* v. *Daniels,* 266 Ark. 1060, 599 S.W.2d 392 (Ark. App. 1979) where, noting that the term "labor dispute" had not been defined by statute in Arkansas we did not attempt to define it but said "we believe all the facts and circumstances in each case must be considered in determining whether a labor dispute exists or has terminated." That case was affirmed by the Arkansas Supreme Court, *Burkhart/Randall Div.* v. *Daniels,* 268 Ark. 375, 597 S.W.2d 71 (1980), and that approach was there approved.

Our duty, therefore, is to determine whether, in this case, the decision of the board of review is supported by

substantial evidence and is in accordance with the law enacted by the General Assembly. Under the authority of the cases discussed above, we find that the decision appealed from is supported by the law and the evidence and it is affirmed.