Willie A. JOHNSON *v.* HOUSTON
GENERAL INSURANCE COMPANY

75-236                                          536 S.W. 2d 121

Opinion delivered May 10, 1976

*Whetstone & Whetstone,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

J. FRED JONES, Justice. This is an appeal by Willie A. Johnson from a circuit court order dismissing his complaint against the appellee Houston General Insurance Company for failure to state a cause of action against the defendant.

The background facts appear as follows: On March 14, 1974, the appellant sustained an industrial injury in the course of his employment by Western Meat Packers, Inc. He filed a workmen's compensation claim and on January 22, 1975, the Commission awarded temporary total benefits through October 21, 1974, payable in one lump sum. Apparently the plaintiff experienced some difficulty in collecting the award of the Commission so on March 19, 1975, he filed a complaint in the circuit court against the compensation insurance carrier, Houston General Insurance Company, setting out the award by the Commission and alleging that he had made repeated requests for the payment under the award without success. He then alleged and prayed as follows:

> The reason and purpose for the delay and withholding of payment by the defendant is for the purpose of harassment, vexation and torment of this plaintiff and is an extension of a pattern of conduct consistently pursued by the defendant since shortly after the time of plaintiff's injury to hamper, delay, harass and torment him.

> The conduct of defendant is also retaliatory and spiteful in relation to the claim which this plaintiff has made against the defendant in the Workmen's Compensation proceeding heretofore referred to.

> Plaintiff has been caused substantial mental anguish, injury, and damages as a result of all this behavior on the part of the defendant to the extent of $1,000.00.

> Moreover, plaintiff is entitled to have $5,000.00 punitive damages assessed against the defendant and in his favor on account of the deliberate, spiteful, and wanton disregard to the consequences exhibited by the defendant and its agents and employees as set out.

> WHEREFORE, premises considered, plaintiff prays judgment against the defendant, Houston General Insurance Company, for compensatory damages in the amount of $1,000.00; and plaintiff prays judgment against the said defendant for punitive damages in the

amount of an additional $5,000.00; and plaintiff prays for his costs herein expended and for all other proper relief whether specifically prayed for herein or not.

On March 26, 1975, the appellee filed motion to dismiss, the pertinent portion of the motion being as follows:

Part of this claim was accepted as compensable and part was controverted by Houston General Insurance Company at a hearing on July 10, 1974. Awards of compensation to the claimant were made by the Arkansas Workmen's Compensation Commission on January 22, 1975, and March 17, 1975. All sums due and payable under these awards have been paid by the defendant.

The Arkansas Workmen's Compensation Act is the plaintiff's exclusive remedy against this defendant and any claim for additional benefits should be made through the Arkansas Workmen's Compensation Commission.

The Complaint does not state a cause of action against this defendant.

On June 4, 1975, the circuit court granted the appellee's motion and dismissed the complaint because it failed to state a cause of action against the defendant.

Under the points he relies on for reversal the appellant first contends that the motion to dismiss should have been treated as a demurrer, but he made no request that the motion be so treated and made no effort to amend his complaint. We find no merit to this contention.

The appellant next contends that as against a demurrer, allegations of a complaint should be liberally construed. We find no merit in this contention Even if the motion to dismiss should be treated as a demurrer in this case, under a liberal construction of the allegations in the complaint, it only stated general conclusions of law rather than specific facts constituting elements of actionable damage. See Ark. Stat. Ann. § 27-1113 (Repl. 1962); *Wilson* v. *Overturf*, 157 Ark. 385, 248

S.W. 898, and *Wood* v. *Drainage Dist. No. 2*, 110 Ark. 416, 161 S.W. 1057.

The appellant next contends that the exclusive remedy under the Workmen's Compensation Act contemplates that the injury be both accidental and in the course of employment and does not contemplate intentional and malicious mental injuries by an employer-respondent upon an employee. This contention is without merit for the reasons already stated.

Appellant next contends that "retaliatory action on the part of employer-respondent for filing a workmen's compensation claim is actionable in a court of law." We do not reach this point in the case at bar for the reasons already stated. The appellant next contends "Arkansas tort law recognizes intentional infliction of severe mental distress without physical injury as a cause of action." We also consider it unnecessary to discuss this point for the reasons already stated.

The rights and remedies provided in the Workmen's Compensation Act, Ark. Stat. Ann. §§ 81-1301 — 81-1349 (Repl. 1960), are exclusive of all other rights and remedies as to injury or death suffered by employees under the Act. Ark. Stat. Ann. § 81-1304 (Repl. 1960). In addition to the 20% penalty and interest for late payment provided in § 81-1319 (f) (g), the Commission may require bond from the employer under § 81-1319 (j) to insure prompt payment. Most pertinent, however, to the situation involved in the case at bar, § 81-1325 (c) provides as follows:

> (c) If any employer fails to comply with a final compensation order or award, any beneficiary of such order or award, or the Commission, may file a certified copy of the said order or award in the office of the circuit clerk of any county in this State where any property of the employer may be found, whereupon the circuit clerk shall enter the said order or award in the judgment record of said county and the said order or award so recorded shall be a judgment and lien as are judgments of the circuit court, and enforceable as such.

We are of the opinion that the trial court did not err in dismissing the complaint.

The judgment is affirmed.