Freddie C. MOSS *v.* SOUTHERN EXCAVATION, INC.

80-279                                      611 S.W. 2d 178

Supreme Court of Arkansas
Opinion delivered January 26, 1981
[Rehearing denied March 2, 1981.]

*Williams & Williams*, by: *Janice O. Williams*, and *Tackett, Moore, Dowd & Harrelson*, by: *Boyd Tackett*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale*, for appellee.

ROBERT H. DUDLEY, Justice. Freddie C. Moss, the appellant, while employed by the appellee, suffered a compensable injury that eventually resulted in the loss of his senses of taste and smell. He filed a claim under the Arkansas Workers' Compensation Act and was paid medical expenses and temporary total disability benefits. The administrative law judge denied benefits for permanent disability as the loss of the senses of taste and smell is neither a scheduled injury as set out in Ark. Stat. Ann. § 81-1313 (c) (Repl. 1976) nor one which diminshed appellant's earning capacity. There was no appeal from that decision.

Appellant then filed a common law tort suit against the appellee asking $500,000 damages for the loss of the senses of taste and smell. The trial court granted summary judgment on the basis that appellant's injury was compensable under the Workers' Compensation Act and the remedies provided are exclusive. Ark. Stat. Ann. § 81-1304. This appeal is from the summary judgment.

The gist of appellant's argument is that for every wrong or injury there must be a remedy. He contends that he has suffered a permanent injury and has received no remedy. Hence, he should be allowed to proceed in circuit court.

Appellant admits that the Workers' Compensation Act is an exclusive remedy for injuries which are covered and correctly contends that the act does not cover all injuries suffered by employees on the job. For an example, an employee has recovered against an employer in a slander action, *Braman* v. *Walthall*, 215 Ark. 582, 225 S.W. 2d 342 (1949), and in an assault action, *Heskett* v. *Fisher Laundry and Cleaners*, 217 Ark. 350, 230 S.W. 2d 28 (1950).

However, these cases allow recoveries for wrongs or injuries suffered outside the scope of the act. In the present case the injury is within the act, and a basis for compensation was found to exist. The appellant recovered temporary total disability benefits, and his medical expenses were paid. He did not receive all the additional benefits to which he feels entitled, but he has been provided a remedy, and that remedy is exclusive under our act. Ark. Stat. An. § 83-1304.

If this exclusivity could be evaded, the results would be extreme. For example, the act affords no benefit for pain or suffering. Yet these elements of damages are recoverable in a common law tort action. Under appellant's theory, an injured employee could maintain a common law tort action against his employer as a result of a compensable injury because no benefits are paid for pain and suffering. We do not find the language of the act subject to such an interpretation. The law has never favored the splitting of causes of action.

Affirmed.