Nancy OLIVER, Individually, and as Executrix *v.*
BLUEGRASS RESOURCES CORPORATION

84-122                                         678 S.W.2d 769

Supreme Court of Arkansas
Opinion delivered November 5, 1984
[Supplemental Opinion on Denial of Rehearing
December 17, 1984.]

*Howell, Price & Trice,* and *Steven L. Festinger,* by: *Steven L. Festinger,* for appellant.

*Ronald W. Metcalf, P.A.,* by: *Ronald W. Metcalf,* for appellee.

GEORGE ROSE SMITH, Justice. This action was brought by the appellant, Nancy Oliver, to recover damages for the wrongful death of Donald L. Phillips, who was then the appellant's husband. The defendant Bluegrass is a financial holding company headquartered in New York and involved in acquiring leases on coal property and subleasing or further leasing the rights it has acquired. Phillips was accidently killed while working in a coal mine in Johnson County, a mine in which Bluegrass had an interest as assignee of the original coal mining lease. The trial court entered a summary judgment for Bluegrass, finding that there is no issue of fact to support the plaintiff's asserted cause of action against Bluegrass. We agree with the trial court's conclusion.

In 1978 the owner of the land executed a coal mining lease to Fidelity Coal Company, which was required by the lease to mine the coal and pay royalties to the owner. The lessee was also required to comply with federal and state laws providing for the safety of employees working in the mine. Fidelity assigned the lease to Bluegrass. Bluegrass subleased the property to a limited partnership, which in turn entered into a mining agreement with Hays Chapel Coal Corporation, a wholly owned subsidiary of Bluegrass. Under the mining agreement Hays Chapel was an independent contractor with complete authority and responsibility for operating the mine, in return for a half interest in the coal produced. The agreement required Hays Chapel to comply with applicable federal and state laws.

Hays Chapel carried workers' compensation insurance on its employees and for that reason was of course immune from tort liability for any negligence on its part. We agree with the appellant's contention that Bluegrass, even though it was Hays Chapel's parent corporation, might nevertheless be liable for independent negligence on its own part that contributed to Phillips's accidental death. A subsidiary s immunity does not necessarily extend to the parent company.

The question, then, is whether there is any substantial evidence to show independent negligence on Bluegrass's part. It is undisputed that Bluegrass, a financial holding company in New York, took no active part in the operation of the coal mine. The argument, however, is that Bluegrass, as the assignee of the lessor's interest, was responsible for initiating safety programs and for correcting equipment defects that allowed a coal car to break loose and roll down an incline, striking and killing Phillips.

The flaw in this argument is that no *affirmative* action by Bluegrass is shown. Whatever liability it may have arises from a contract, from its position as the assignee of the coal lease. Certainly tort liability may originate in a contractual duty, but it must come from affirmative action (misfeasance) rather than from passive inaction (nonfeasance). As we said in *Findley* v. *Time Ins. Co.*, 264 Ark. 647, 573 S.W.2d 908 (1978):

> Prosser has pointed out that an action in tort cannot ordinarily be based upon a breach of contract which amounts to mere nonfeasance, which means not doing the thing at all, as distinguished from misfeasance, which means doing it improperly. "Much scorn has been poured on the distinction, but it does draw a valid line between the complete non-performance of a promise, which in the ordinary case is a breach of contract only, and a defective performance, which may also be a matter of tort." Torts, § 92 (4th ed., 1971). We recently applied that very distinction, citing Prosser, in *Morrow* v. *First Nat. Bank of Hot Springs*, 261 Ark. 568, 550 S.W. 2d 429 (1977).

There is no proof that any employee of Bluegrass was ever in Arkansas, much less that one participated in the operation of the coal mine in Johnson County. There was an assertion that Bluegrass supplied defective equipment, but the only evidence is that it owned none of the equipment in the mine. There is simply no proof of active negligence in Bluegrass.

The appellant's remaining arguments may be quickly answered. We find no evidence that Bluegrass was engaged in a joint venture with its subsidiary, but even if that were so, Bluegrass would then have been a joint employer of Phillips

4

and hence immune under the workers' compensation law. Nor is there any proof to support the novel suggestion that the reopening of a coal mine is such an ultrahazardous activity that Bluegrass should be subjected to liability without fault.

Affirmed.

Supplemental Opinion on Denial of Rehearing
December 17, 1984

681 S.W.2d 350

GEORGE ROSE SMITH, Justice, on rehearing. In a rehearing petition appellant argues that the controlling distinction between misfeasance and nonfeasance was waived by the appellee because it was not specifically argued in Bluegrass's appellate brief. The point, however, is that the distinction is not a matter of defense, subject to waiver. It goes to the existence of the plaintiff's cause of action. Hence even if the case were tried and the plaintiff introduced all the evidence that was before the trial court on the motion for a summary judgment, the necessary outcome would be a directed verdict for the defendant.

An effort is also made now to show that Bluegrass's officers actively delegated responsibility to Hays Chapel and its employees, but the proof is lacking. In fact, appellant argued to the contrary in her original brief, relying specifically upon a witness's statement by deposition that "Bluegrass was totally distinct from Hays Chapel and had nothing to do with the operation of the mine." Although one of its officers was in Arkansas to negotiate leases or contracts, there is no proof that Bluegrass had any part in the operation of the mine.

Rehearing denied.