Mary Joyce CAIN *v.* NATIONAL UNION LIFE
INSURANCE COMPANY

86-70                                              718 S.W.2d 444

Supreme Court of Arkansas
Opinion delivered November 3, 1986

*Bullock & McCormick*, by: *David H. McCormick*, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

ROBERT H. DUDLEY, Justice. This third-party tort of bad

faith action was filed by a workers' compensation claimant against the compensation insurer. The claimant pleaded that the insurer stipulated it was liable for all medical expenses, but failed to pay those expenses and, as a direct result, the claimant suffered emotional distress, humiliation, and embarrassment. The trial court dismissed the complaint. We affirm. The trial court lacked subject matter jurisdiction. The appeal is heard in this Court since it presents questions involving the construction of an initiated measure and the law of torts. Rule 29(1)(c) and (o) of the Rules of the Supreme Court and the Court of Appeals.

We have previously ruled on this issue. In *Johnson* v. *Houston General Insurance Co.*, 259 Ark. 724, 536 S.W.2d 121 (1976), we held that the benefits payable pursuant to the workers' compensation act, and the procedure set out in that act for obtaining those benefits, constitute an exclusive remedy, and that remedy precludes an action at law, even for an intentional tort arising out of the non-payment of benefits.

Appellant, the plaintiff claimant below, asks us to overrule *Johnson, supra.* We decline to do so because the holding conforms with the workers' compensation act which provides the remedies for late payment. The statutory remedies include: (1) A twenty percent penalty plus interest for the late payment of an award, Ark. Stat. Ann. § 81-1319(f)(g) (Repl. 1976), (2) A provision by which the Commission may require a bond from an employer to insure payment, Ark. Stat. Ann. § 81-1319(j) (Repl. 1976), and (3) A provision that a final award may be filed with the circuit clerk which causes it to become a lien on the property of the employer, Ark. Stat. Ann. § 81-1325(c) (Repl. 1976).

Any change concerning the exclusivity of the statutory remedies or the form of those remedies must come legislatively.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I disagree with the majority opinion because I do not believe that *Johnson* v. *Houston General Insurance Co.*, 259 Ark. 724, 536 S.W.2d 121 (1976), holds that a person who has an injury compensable under the workers' compensation act may never have a tort claim against an insurance carrier even for an intentional tort arising

out of the non-payment of benefits. If *Johnson* did so hold, I would overrule it.

In *Johnson* the relationship of employer-employee-insuror was the same as here. The complaint in both cases alleged the intentional failure of the insuror to pay benefits due under the policy. In *Johnson* this Court held that the trial court acted properly in dismissing the complaint because "it only stated general conclusions of law rather than specific facts constituting elements of actionable damage." In the case before us the trial court did not give a reason for dismissal of the complaint other than to cite *Johnson.*

The *Johnson* Court did not discuss the allegations of intentional and malicious mental injuries other than stating, "[t]his contention is without merit for the reasons already stated." The only reason already stated was that the complaint alleged only general conclusions of law rather than specific facts. The opinion did not address the arguments that "retaliatory action on the part of the employer-respondent for filing a workmen's compensation claim is actionable in a court of law," and that "Arkansas tort law recognizes intentional infliction of severe mental distress without physical injury as a cause of action." The Court stated, as it did above, that, "[w]e consider it unnecessary to discuss [these] point[s] for the reasons already stated." I am unable to find any discussion by the Court of the above arguments.

The only proposition *Johnson* really stands for is that the rights and remedies provided in the workers' compensation act are exclusive of all other rights and remedies as to injury or death suffered by employees who are covered by the act. It is clear to me that the opinion was simply stating that the rights and remedies provided by the act are exclusive as to claims covered thereunder. With this I agree. Presumably, had the complaint in *Johnson* stated "specific facts," it would have been considered on its merits.

Since *Johnson* was decided this Court has considered the tort of bad faith in *Findley* v. *Time Insurance Company*, 264 Ark. 647, 573 S.W.2d 908 (1978) and *Aetna* v. *Broadway Arms*, 281 Ark. 128, 644 S.W.2d 463 (1984). Both these cases held that a claim based on the tort of bad faith must include allegations of

affirmative misconduct by the insurance company, without a good faith defense, and that the misconduct must be dishonest, malicious, or oppressive in an attempt to avoid its liability under an insurance policy.

The complaint in the present appeal tracked our decisions recognizing the tort of bad faith. Therefore, in order to affirm the action of the trial court, the Court must hold either that circuit courts do not have subject matter jurisdiction to try such a case involving the tort of bad faith or that the complaint did not allege facts sufficient to state a cause of action. Under the facts of this case, I cannot agree with either conclusion.

When a workers' compensation insurer commits an intentional tort it loses the protection of its status as the employer's insurer. The insurance carrier is instead acting in a capacity entirely different from that of an insurer and, therefore, is liable for infliction of an intentional tort. *Unruh* v. *Truck Insurance Exchange*, 498 P.2d 1063 (Calif. 1972); *Gibson* v. *National Ben Franklin Insurance Company*, 387 A.2d 220 (Me. 1978). Here the appellee was completely immune from suit so long as it was performing its role as the employer's insurance carrier. However, in the role of an intentional tortfeasor the insurer no longer enjoys the immunity bestowed by the act.

I can find no evidence that the legislature in passing the workers' compensation act intended to grant insurance companies, or employers who are self-insured, immunity to do as they please, even when the action is outside the scope of performing its obligations under the act. Carried to the extreme such immunity would allow representatives of the carrier to deny treatment to an injured employee. There is no logical reason or public purpose to shield an insurer from liability for its intentional tortious acts.