Larry WHITE *v.* APOLLO-LAKEWOOD, INC.

86-102                                                720 S.W.2d 702

Supreme Court of Arkansas
Opinion delivered December 8, 1986

*Leon N. Jamison*, for appellant.

*Bridges, Young, Matthews, Holmes & Drake*, for appellee.

JOHN I. PURTLE, Justice. The lower court granted appellee's motion to dismiss appellant's complaint, stating that the court did not have jurisdiction because the rights and remedies pursuant to the workers' compensation act constitute the exclusive remedy between employer and employee for death or injury arising out of and in the course of employment. The trial court was correct.

The complaint alleged the appellee-employer deliberately and intentionally assigned the appellant-employee to duties which were known to almost certainly cause injury to the employee. The allegations included not only the failure to warn the employee of dangerous conditions, but also the concealment of the nature of those conditions from the employee. The complaint alleged fraud, deceit and wilful and wanton conduct by the employer. It was also alleged that the employer concealed the nature of the injuries from the employee even after such injuries caused the employee to be hospitalized.

The employer accepted the injury caused by the inhalation of toxic fumes as one covered by the workers' compensation act and benefits were paid to the employee pursuant to the act. After the appellant was injured the first time he was again required to

do the same work with the same exposure. The facts of this case, as alleged, indicate the employer knew there was danger of injury to his employees simply by working in the plant. The plant produced agricultural chemicals.

Although the complaint, as amended, alleged wilful and intentional infliction of emotional distress, outrage, fraud, deceit and about everything else that could have been alleged, the genesis of all such allegations was the nature of the work in the chemical plant. We have dealt with this issue in the cases of *Cain v. National Union Fire Insurance Co.*, 290 Ark. 240, 718 S.W.2d 444 (1986), and *Miller v. Ensco, Inc.*, 286 Ark. 458, 692 S.W.2d 615 (1985). In *Cain*, the bad faith action was based upon the refusal of the insurance carrier to pay a claim on time. There we held that the remedies under the workers' compensation act were the exclusive remedies for failure to timely pay medical expenses incurred by an injured employee, and that the tort of bad faith was not separately actionable.

In *Miller* we considered a factual situation very close to the present appeal. There it was claimed the employer committed an intentional tort by requiring the employee to work in an unsafe place and by causing him to be directly exposed to the chemical PCB. In *Miller*, we again held that the workers' compensation act was the exclusive remedy for injuries arising out of and in the course of the employment. Regardless of the description, character, or style of the complaint in circuit court, the injuries in this case obviously arose out of and in the course of the employment and therefore the only remedy available to the appellant is pursuant to the act.

In our prior opinions we have uniformly held that the benefits pursuant to the workers' compensation act constitute an exclusive remedy for work-related injuries. However, in a case where the employer or his agent goes completely outside the employer-employee relationship and commits a wilful personal battery upon an employee, the act is no longer the exclusive remedy. See *Heskett v. Fisher Laundry and Cleaners*, 217 Ark. 350, 230 S.W.2d 28 (1950). In *Heskett* we stated:

> The complaint in the instant case alleges that an officer and general manager of appellee committed a vicious, unprovoked, intentional and violent assault and battery upon

appellant during the course of the employment under circumstances which, if substantiated, would entitle appellant to both actual and exemplary damages at common law. We conclude that the rule laid down in *Boek* v. *Wong Hing*, [citation omitted], is supported by sound reasoning and that appellant is entitled to elect to either claim compensation under the compensation act or treat the wilful assault as a severance of the employer-employee relationship and seek full damages in a common law action. Appellant having elected to pursue the latter remedy, it follows that the trial court erred in sustaining the demurrer to the complaint against appellee.

We hold that the actions complained of in the present appeal were not of such magnitude as to constitute an intentional tort and thereby remove the employer from the protection of the act. It cannot be reasonably argued that the injuries alleged in the case before us did not actually arise out of the work performed by the employee. Therefore, the only remedies available to the appellant are those pursuant to the workers' compensation act.

Affirmed.