RIVERSIDE FURNITURE CORPORATION
and Arkansas Best Corporation *v.* Floyd G. ROGERS,
Circuit Judge

87-361                                          749 S.W.2d 664

Supreme Court of Arkansas
Opinion delivered May 9, 1988
[Rehearing denied June 6, 1988.*]

*Harper, Young, Smith & Maurras*, by: *Tom Harper, Jr.*, for appellant.

*Frank W. Booth*, for appellee.

DAVID NEWBERN, Justice.  ■  Lannie R. Blasingame is employed by petitioner Riverside Furniture Corporation which is a subsidiary of the other petitioner, Arkansas Best Corporation. The petitioners contend that Blasingame has filed a complaint against them in Sebastian County Circuit Court of which the court lacks jurisdiction because jurisdiction resides exclusively in

---

*Hays, J., would grant rehearing.

the Arkansas Workers' Compensation Commission. We deny the petition because it is at best premature.

Blasingame suffered an admittedly compensable job-related knee injury in 1985 for which he received workers' compensation benefits. He thereafter complained of a back injury and received benefits from Riverside's group medical self-insurance coverage. Still later, he filed for further workers' compensation benefits on the ground that the back injury stemmed from his earlier compensable injury. Riverside refused further medical insurance benefits on the ground that they were not available to Blasingame if his injury was job related. Riverside defended the workers' compensation claim on the ground that Blasingame had an unauthorized change of physician and that the back injury was not job-related.

The petitioners have abstracted their responses to requests for admissions in which they admit that Blasingame's back problems are not related to any on-the-job injury and that "[t]he workers' compensation opinion . . . specifically found: '5. The claimant has failed to prove a causal relationship between any present back complaints he may have and his compensable injury.' "

Blasingame's complaint alleged (1) fraud on the ground that the company handbook said he would be covered either by the group medical insurance or workers' compensation for any injury or sickness occurring during his employment, (2) breach of contract based on the handbook provisions as well as the express promise of a Riverside employee that Blasingame would be covered by the medical insurance even though the other employee knew Blasingame thought his back problems were job-related, (3) intentional infliction of emotional distress for malicious withholding of medical insurance benefits, and (4) violation of the federal Employees Retirement Income Security Act, 29 U.S.C. §§ 1001 through 1461 (1982), which provides, at § 1132 (a)(1)(B) and (e), that a state court may hear a claim of an employee seeking to recover benefits due under medical and disability insurance plans.

The trial court denied the petitioners' motion to dismiss the complaint because of the allegation of the express promise to pay medical insurance benefits. The brief of the petitioners states

Blasingame's claim is still pending before the workers' compensation commission. Apparently the decision of an administrative law judge that the injury is not job-related has been appealed to the full commission. Clearly, if Blasingame should prevail before the commission some, if not all, of his contentions before the circuit court would be lost because of Ark. Code Ann. § 11-9-105(a) (1987) which provides that the workers' compensation remedies are "exclusive of all other rights and remedies of such employee . . . on account of such injury or death," *See White* v. *Appollo-Lakewood, Inc.*, 290 Ark. 421, 720 S.W.2d 702 (1986); *Cain* v. *National Union Life Ins. Co.*, 290 Ark. 240, 718 S.W.2d 444 (1986); *Sontag* v. *Orbit Valve Co., Inc.*, 283 Ark. 191, 672 S.W.2d 50 (1984).

■ Should the decision of the administrative law judge be affirmed, it would be clear that Blasingame's alleged injury would not be covered by the workers' compensation law. The petitioners argue that in that event Blasingame would have elected the workers' compensation remedy to the exclusion of any other, citing *Sontag* v. *Orbit Valve Co., Inc., supra*. That case is distinguishable, as there the employee received workers' compensation benefits for the alleged injury, and the injury thus obviously was covered by the workers' compensation law and the exclusivity statutory provision applied. Here we do not yet have a final determination whether the workers' compensation law applied to the injury in question. Under these circumstances we decline to hold that Blasingame has made an election such that he is barred from any of the relief he has sought in the event it is ultimately determined that his injury was not job-related and thus not covered by the Workers' Compensation Law. *See* 2A A. Larson, *Workmen's Compensation Law*, § 67.30 (1987).

Petition denied.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. It is not an overstatement to say that if this decision stands as a precedent, the rule that the Workers' Compensation Commission has exclusive jurisdiction over workers' compensation claims no longer exists. No matter how it is examined, the complaint filed by Mr. Lannie Blasingame against his employer and its parent company is bottomed on a workers' compensation claim for an injury occurring in Novem-

ber, 1985. The complaint charges the employer with wrongfully refusing to pay group insurance benefits and workers' compensation benefits, alleging conduct described as "willful, wanton, outrageous," causing emotional distress for which the plaintiff seeks compensatory damages of $500,000 and punitive damages of $10,000,000.

By permitting this claim to proceed at law the majority is allowing an employee to sue his employer for the alleged wrongful denial of workers' compensation benefits and overturning decades of statutory and case law to the contrary. Since the adoption of the workers' compensation law fifty years ago this court has unfailingly, and wisely I think, rejected various, even ingenious, attempts to impose tort liability on employers by employees. *Fore* v. *Circuit Court of Izard County*, 292 Ark. 13, 722 S.W.2d 840 (1987); *White* v. *Appollo-Lakewood, Inc.*, 290 Ark. 421, 720 S.W.2d 702 (1986); *Simmons* v. *First National Bank*, 285 Ark. 275, 686 S.W.2d 415 (1985); *Oliver* v. *Bluegrass Resources Corp.*, 284 Ark. 1, 678 S.W.2d 769 (1984); *Sontag* v. *Orbit Valve Co., Inc.*, 283 Ark. 191, 672 S.W.2d 50 (1984); *Pyle* v. *Dow Chemical Company*, 728 F.2d 1129 (8th Cir. 1984); *Vann* v. *Dow Chemical Co.*, 561 F. Supp. 141 (W.D. Ark. 1983); *Emerson Electric* v. *Cargile*, 5 Ark. App. 92, 661 S.W.2d 433 (1983); *W.M. Bashlin* v. *Smith*, 277 Ark. 406, 643 S.W.2d 526 (1982); *Seawright* v. *USF & G Co.*, 275 Ark. 96, 627 S.W.2d 557 (1982); *Daniels, Adm'r.* v. *Commercial Union Insurance*, 5 Ark. App. 142, 633 S.W.2d 396 (1982); *Moss* v. *Southern Excavation, Inc.*, 271 Ark. 781, 611 S.W.2d 178 (1981); *Woodall* v. *Brown & Root, Inc.*, 2 Ark. App. 106, 616 S.W.2d 781 (1981); *Pheifer* v. *Union Carbide Corp.*, 492 F. Supp. 483 (E.D. Ark. 1980); *Lewis* v. *Gardner Engineering Corp.*, 254 Ark. 17, 491 S.W.2d 778 (1973); Larson, *Workmen's Compensation Law*, Vol. 2A, § 66.00, pp. 12-20. Ark. Code Ann. § 11-9-105 (1987) [Ark. Stat. Ann. § 81-1304 (Supp. 1985)].

In *Cain* v. *National Union Fire Insurance Company*, 290 Ark. 240, 718 S.W.2d 444 (1986), we dealt with a comparable situation:

> We have previously ruled on this issue. In *Johnson* v. *Houston General Insurance Company*, 259 Ark. 724, 536 S.W.2d 121 (1976), we held that the benefits payable

pursuant to the Workers' Compensation Act and the procedure set out in that act for obtaining those benefits, constitute an exclusive remedy, and that remedy precludes an action at law, *even for an intentional tort arising out of the non-payment of benefits.* [Emphasis in original text.]

I do not imply that Mr. Lannie Blasingame may not have a potential claim against someone, perhaps against Riverside, more likely I should think against the insurer itself, for medical expenses payable under a group coverage plan. But it is obvious, or should be, that a claim for group benefits may not be used to circumvent the workers' compensation statutes and to seriously undermine a sound principle of law that such claims belong *exclusively* to workers' compensation rather than to the common law. Besides, Mr. Blasingame claims these medical expenses are compensable under workers' compensation, so even that claim, at least for now, belongs to the commission. I respectfully suggest the requested writ of prohibition should issue, and promptly.