**FIRST NATIONAL BANK OF CAMDEN, ARKANSAS, etc., et al., Appellants,**

v.

**TRACOR, INC., Appellee.**

**No. 87–1335WA.**

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1988.

Decided July 6, 1988.

Winslow Drummond, Little Rock, Ark., for appellants.

William C. Frye, Little Rock, Ark., for appellee.

Before JOHN R. GIBSON and FLOYD R. GIBSON, Circuit Judges, and HARPER,* Senior District Judge.

HARPER, Senior District Judge.

Appellants filed this appeal in response to an order of the District Court for the Western District of Arkansas dismissing three complaints (consolidated by the Court) under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The facts leading to this appeal are as follows:

Tracor MBA is an ammunition plant located at East Camden, Arkansas. It is a wholly-owned subsidiary of appellee, Tra-

cor, Inc. An explosion occurred at Tracor MBA, resulting in the deaths of three of its employees, Artis Stevens, John Thomas Curb II and Kelvin Thompson. Appellants are the personal representatives of the three decedents. Tracor MBA paid workers' compenation benefits to or in behalf of the survivors of the decedents. Tracor MBA also provided medical care and funeral expenses to appellants. Tracor MBA is immune from suit in tort by appellants because of the exclusive remedy provisions included in the Arkansas workers' compensation statute, Ark. Code Ann., Chapter 9 (1987).

Appellants filed suit against Tracor MBA's parent company, Tracor, Inc., alleging that specific acts of negligence by Tracor, Inc. proximately caused the deaths of decedents. They further alleged that Tracor, Inc. formed Tracor MBA as part of a plan to delegate the munitions production function while allowing Tracor, Inc. to maintain its immunity from tort liability to Tracor MBA's employees. Appellants claim that Tracor, Inc. directed and controlled Tracor MBA's operations, and that Tracor, Inc. was fully aware that deaths and injuries due to the violation of safety regulations had occurred over the years at Tracor MBA.

Tracor, Inc. moved to dismiss the complaints on the ground that the exclusive remedy provision of the workers' compensation act rendered a parent company immune from liability for injuries suffered by employees at the parent's subsidiary. The district court granted the motion to dismiss with prejudice, because appellants failed to allege or otherwise show that Tracor, Inc. assumed control of Tracor MBA or its employees, or that Tracor, Inc. affirmatively undertook to insure the safe working conditions of Tracor MBA's employees. The district court said that appellants' allegation that Tracor, Inc. had breached a duty to insure safe working conditions at Tracor MBA was contrary to Arkansas law.

---

* The HONORABLE ROY W. HARPER, Senior U.S. District Judge for the Eastern District of Missouri, sitting by designation.

Appellants appealed the dismissal with prejudice of their complaints. We reverse the district court's dismissal with prejudice.

In ruling on a motion to dismiss for failure to state a cause of action, the court must deny it, and grant leave to file an amended petition "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *Bonner v. Circuit Court of City of St. Louis, Mo.,* 526 F.2d 1331 (8th Cir. 1975), *cert. denied,* 424 U.S. 946, 96 S.Ct. 1418, 47 L.Ed.2d 353 (1976).

Two questions are presented by the set of facts herein: (1) Does immunity from tort liability enjoyed by a corporate subsidiary because of the exclusive remedy provisions of the workers' compensation act extend to the parent corporation? (2) Assuming immunity does not automatically attach to the parent corporation by virtue of the parent/subsidiary relationship, what are the circumstances that dictate the parent's liability?

Arkansas law provides that an employee's sole remedy for injury or death arising out of and in the scope of employment is through the Workers' Compensation Act. Ark.Code Ann. 11–9–105 (Supp.1987). Tracor, Inc. is the sole stockholder of Tracor MBA. On the face of it, immunity would appear to extend from Tracor MBA to Tracor, Inc. as a matter of statutory law. The Arkansas Supreme Court has stated, however, that a subsidiary's immunity does not necessarily extend to the parent corporation. *Oliver v. Bluegrass Corp.,* 284 Ark. 1, 678 S.W.2d 769 (1984). In that case, an employee was accidentally killed while working in a coal mine. The mine was operated by a subsidiary of the defendant parent corporation. The mine operator was immune from liability because it carried workers' compensation insurance on its employees. The court said even though defendant was the mine operator's parent corporation, defendant might be held liable for independent negligence on its own part that contributed to the employee's death. Immunity does not, therefore, automatically extend from the subsidiary to the parent in all cases.

The court in *Oliver* defined the circumstances under which a parent company may be held liable for injuries to a subsidiary's employee. In deciding whether or not substantial evidence existed to prove the parent's independent negligence, the court looked at the relationship between the parent and the subsidiary to determine whether the parent had assumed a contractual duty to initiate a safety program applicable to the accident that killed the employee. The court recognized the principle that tort liability might originate in a contractual duty; but, the tort liability must arise out of the parent's having undertaken an affirmative action (misfeasance) rather than passive inaction (nonfeasance). The court could find no proof of the parent's active negligence, and affirmed the district court's entry of summary judgment for the defendant.

Other courts, in addressing this type of problem, have agreed that a parent company must undertake affirmative action before liability will attach to it for injuries incurred by a subsidiary's employee. *Muniz v. National Can Corp.,* 737 F.2d 145 (1st Cir.1984) (a parent corporation may be liable for unsafe condition at its subsidiary only if the parent assumes a duty to act by affirmatively undertaking to provide a safe working environment at the subsidiary); *Love v. Flour Mills of America,* 647 F.2d 1058 (10th Cir.1981) (employees had no independent cause of action against parent corporation where only tort alleged was that parent failed to perform employer's duty or to require employer to perform duty); *Boggs v. Blue Diamond Coal Co.,* 590 F.2d 655 (6th Cir.1979), *cert. denied* 444 U.S. 836, 100 S.Ct. 71, 62 L.Ed.2d 47 (1979) (a parent corporation is not immune from tort liability to its subsidiary's employees for its own independent acts of negligence).

The trial court stated in its Order that the issue herein "is whether a parent corporation assumes primary responsibility for industrial safety at the subsidiary corporation's plant." We are of the opinion that

Arkansas law requires a closer look at a parent corporation's involvement with its subsidiary. Under *Oliver*, evidence of affirmative action by the parent corporation which would establish independent negligence on its part for injuries sustained by an employee of the subsidiary at the subsidiary's place of business can result in parental liability.

The pleadings do not establish beyond doubt that the appellants cannot state a cause of action against Tracor, Inc. Appellants must be given an opportunity to allege facts which, if proven, state a cause of action recognizable under Arkansas law.

Reversed and remanded for further proceedings consistent with this opinion.