# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2896

_____

| | | |
|---|---|---|
| Kirby K. Arbaugh, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| Alona Arbaugh, | * | Appeal from the United States |
| | * | District Court for the Western |
| Plaintiff, | * | District of Arkansas. |
| | * | |
| v. | * | [UNPUBLISHED] |
| | * | |
| AG Processing, Inc., doing business | * | |
| as Harrison Farm Center, | * | |
| | * | |
| Defendant-Appellee. | * | |

_____

Submitted:  January 14, 2004

Filed:  January 21, 2004

_____

Before LOKEN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Kirby K. Arbaugh suffered severe injuries by an electrical shock when he touched a machine that was wired to an electrical box at his place of employment, AG Processing, Inc. The electrical box had been fixed earlier by a protesting coworker who told AG Processing he was ignorant about electrical wiring. Arbaugh brought

this diversity action against AG Processing seeking damages for his personal injury. AG Processing filed a motion to dismiss asserting the complaint was barred by the exclusive-remedy provision of the Arkansas Workers' Compensation Act, Ark. Code Ann. § 11-9-105. Arbaugh alleged the exclusive-remedy provision did not apply because AG Processing committed an intentional tort when it forced an unskilled employee to repair the electrical box. Arbaugh did not allege AG Processing specifically intended to injure, however. The district court[*] dismissed the action with prejudice, holding Arbaugh's claims arose out of his employment and thus were barred by the Act's exclusive-remedy provision. Arbaugh appeals.

Having reviewed the issues raised by Arbaugh de novo, we agree with the district court's view of state law. The Act's exclusive-remedy provision bars complaints for work-related injuries unless the employer wilfully intended to injure the employee. See White v. Apollo-Lakewood, Inc., 720 S.W.2d 702, 703 (Ark. 1985). Although Arbaugh has no remedy under the Act for a safety violation, his injury is within the scope of the Act and thus is limited to the Act's remedies. Further, the Act's exclusive-remedy provision is authorized by the Arkansas Constitution and consistent with the Fourteenth Amendment's Due Process Clause. See Smith v. Gould, Inc., 918 F.2d 1361, 1364 (8th Cir. 1990). We thus affirm without extended opinion. See 8th Cir. R. 47B.

_____

[*]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.