2009 Ark. App. 725

**David HICKEY, Appellant**

v.

**GARDISSER CONSTRUCTION, Appellee.**

**No. CA 09–537.**

Court of Appeals of Arkansas.

Nov. 4, 2009.

Kenneth Lee Osborne, Fayetteville, AR, for appellant.

Randy Phillip Murphy, John Jarrod Russell, Little Rock, AR, for appellee.

ROBERT J. GLADWIN, Judge.

Appellant David Hickey appeals the April 16, 2009 decision of the Arkansas Workers' Compensation Commission, which found that appellant was not entitled to medical and indemnity benefits for an injury to his right ankle. The Commission affirmed the ALJ's finding of disability related to appellant's wrist injury. Appellant contends that the Commission erred in regard to his ankle injury by finding that he failed to rebut the presumption that his ankle injury was substantially occasioned by his use of illegal drugs. We affirm the Commission's decision.

Appellant sustained a compensable injury to his left wrist on September 5, 2006, when he fell off a ladder. While undergoing treatment for this injury, he was released to work light duty. On November 22, 2006, while working, appellant walked across a metal roof to get some more screws for his screw gun. He fell off the roof, sustaining serious injury to his right ankle. Appellant was transported to Siloam Springs Memorial Hospital where he underwent surgery to repair fractures in his right distal fibula and distal tibia. Before his release from the hospital, a urine sample was taken for a drug-screen test. This drug-screen test returned positive for methamphetamine.

On June 26, 2007, appellant was released by his treating physician to "activities as tolerated" and to "sitting work with occasional standing and walking." Based upon the positive drug screen, appellee Gardisser Construction, appellant's employer, controverted appellant's claim pursuant to Arkansas Code Annotated section 11–9–102(4)(B)(iv)(a)–(d) (Supp.2007), which provides that a compensable injury does not include an injury where the accident was substantially occasioned by the use of illegal drugs.

Appellant testified that he snorted an eighth of a gram of methamphetamine around 6:00 p.m. on the night before his injury. Although he testified that he was not under the influence of this drug at the time of his fall, appellee called Dr. Henry Simmons, Jr., to refute appellant's testimony. Dr. Simmons is the medical director for the Arkansas Poison Center and also an Associate Professor of Toxicology and Emergency Medicine at the University of Arkansas Medical School. In addition to being a medical doctor, Dr. Simmons also has a Ph.D. in toxicology. Dr. Simmons reviewed documents pertaining to the collection of urine for a post-accident drug test, as well as the results of that test, medical records from appellant's initial hospitalization, a portion of appellant's deposition testimony, and he sat through appellant's hearing testimony. Dr. Simmons testified that, based upon appellant's testimony that he snorted methamphetamine around 6:00 p.m. on the night prior to the accident, together with the drug-screen result three days after the accident that still showed a significant concentration of methamphetamine and its metabolite in appellant's urine, appellant clearly had

methamphetamine circulating in his body at the time of the accident.

On July 21, 2008, the ALJ found that appellant met his burden of proving by a preponderance of the evidence that his injury was not substantially occasioned by the use of the methamphetamine. The ALJ thus found that appellee was liable for payment of all reasonable and necessary medical treatment provided in connection with appellant's right-ankle injury. Further, the ALJ found that appellant was entitled to temporary-total-disability benefits beginning November 22, 2006, through July 5, 2007, and again from December 1, 2007, through April 16, 2008. Because appellant received unemployment compensation benefits at a rate greater than his temporary-total-disability rate, the ALJ found appellant not to be entitled to temporary-total-disability benefits from February 3, 2007, through July 3, 2007.

Appellee appealed to the full Commission, and based upon its de novo review of the entire record, the Commission found that appellant failed to overcome the statutory presumption by a preponderance of the credible evidence. The Commission stated:

> Here, the medical evidence indicates that the claimant had a substantial amount of methamphetamine in his body to effect (sic) both the claimant's behavior and judgment. Although the metal roof was slippery on the date of the claimant's injury, the drugs in the claimant's system were sufficient enough to effect (sic) how he gauged this particular hazard. While other employees had slipped on the roof, they took measures to pour liquid on the roof to obtain more grip. The claimant did not offer ⌊₄any testimony with regard to what measures, if any, he took to acknowledge this known hazard. Thus, the only conclusion that can be drawn is that the claim-

ant failed to take any steps to protect himself from possibly slipping off the roof. This failure to gauge the hazard he was faced with is evidence of claimant's impairment when the injury occurred. Accordingly, we are not persuaded by the claimant's testimony that he was not impaired and that the accident was just that, an accident that was not substantially occasioned by the presence of methamphetamine. On the contrary, we find that the claimant has failed to present sufficient credible evidence that the his [sic] ankle injury was not substantially occasioned by his use of illegal drugs.

Therefore, the Commission reversed the decision of the ALJ regarding the injury to his right ankle. However, the Commission affirmed the ALJ's finding of disability related to appellant's wrist injury. Appellant filed a timely notice of appeal, and this appeal followed.

█ Arkansas Code Annotated section 11–9–102(4)(B)(iv)(a) provides that an injury is not compensable where the accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders. "The presence of alcohol, illegal drugs, or prescription drugs used in contravention of a physician's orders shall create a rebuttable presumption that the injury or accident was substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders." Ark.Code Ann. § 11–9–102(4)(B)(iv)(b). Prior to the passage of Act 796 of 1993, it was the employer's burden to prove that an employee's accident was caused by intoxication or drug use. *Express Human Resources III v. Terry*, 61 Ark.App. 258, 968 S.W.2d 630 (1998). However, Act 796 of 1993 shifted this burden of proof by requiring the employee to prove by a preponderance of the

evidence that alcohol or drug use did not substantially occasion the injury, if alcohol or drugs were found in his body after an accident. *Id.* The Commission is required to determine whether the claimant has met his burden of proof in rebutting the presumption. *Apple Tree Serv., Inc. v. Grimes,* 94 Ark.App. 190, 228 S.W.3d 515 (2006); *Ark. Elec. Coop. v. Ramsey,* 87 Ark.App. 254, 190 S.W.3d 287 (2004). Moreover, whether a rebuttable presumption is overcome by the evidence is a question of fact for the Commission to determine. *Id.*

■■ Our standard of review in workers' compensation cases is well settled. In reviewing decisions from the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Smith v. City of Fort Smith,* 84 Ark.App. 430, 143 S.W.3d 593 (2004). Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *Olsten Kimberly Quality Care v. Pettey,* 328 Ark. 381, 944 S.W.2d 524 (1997). Substantial evidence exists only if reasonable minds could have reached the same conclusion without resorting to speculation or conjecture. *White Consol. Indus. v. Galloway,* 74 Ark.App. 13, 45 S.W.3d 396 (2001).

■■ Where the denial of a claim is based upon the claimant's failure to meet his burden of proving entitlement to benefits, the substantial-evidence standard of review requires that we affirm if the Commission's decision displays a substantial basis for the denial of relief. *Frances v. Gaylord Container Corp.,* 341 Ark. 527, 20 S.W.3d 280 (2000); *Williams v. Ark. Oak Flooring Co.,* 267 Ark. 810, 590 S.W.2d 328 (Ark.Ct.App.1979). We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Cedar Chem. Co. v. Knight,* 99 Ark.App. 162, 258 S.W.3d 394 (2007).

■■ Questions of weight and credibility are within the sole province of the Commission, which is not required to believe the testimony of the claimant or of any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Strickland v. Primex Techs.,* 82 Ark.App. 570, 120 S.W.3d 166 (2003). Once the Commission has made its decision on issues of credibility, the appellate court is bound by that decision. *Id.*

Appellant contends that the Commission erred in finding that he failed to rebut the presumption that his ankle injury was substantially occasioned by his use of illegal drugs. He maintains that he fell off the roof of a building while working for appellee, landing on his right ankle and fracturing it. He testified at the hearing that the metal roof was slippery because it was dry and coated with dust. He also testified that other employees had been slipping on the roof that day. He claimed that other employees were pouring water and soda on the roof to create more grip. He explained that on the day of the injury, he was walking across the roof after picking up a drill, which had been slid to him by another employee, when he lost his balance and fell, sliding off the roof, landing on his right foot and fracturing his ankle.

■ He admits having taken one-eighth gram of methamphetamine at about 6:00 p.m. on the night before his fall on November 22, 2006. Dr. Henry Simmons, Jr., testified that within a reasonable medical and toxicological probability that the dose taken, one-eighth gram, was a significant dose and that there was a pharmacologi-

cally significant amount of methamphetamine circulating in his body at the time of the accident. Dr. Simmons further testified that this could lead to impairment in appellant's behavior or judgment. This raises a rebuttable presumption that the drug use was the substantial reason for the accident.

Appellant claims that Dr. Simmons also testified that he was not aware of any evidence that would indicate that appellant's judgment actually was impaired at the time of the fall. Appellant urges this court to give greater weight to the ALJ's determination that appellant rebutted the presumption that drug use caused the accident, claiming that the ALJ is in a superior position to judge the credibility and demeanor of the witnesses in a case. Appellant claims that the Commission erred in discounting appellant's testimony as an interested party. Moreover, appellant claims that Dr. Simmons's testimony, that he did not hear appellant testify to anything suggesting that his judgment was impaired, is sufficient to overcome the statutory presumption.

Appellee claims that to resolve the issue of whether substantial evidence supports the Commission's decision, the only question this court need address is whether the accident could have happened because of the use of illegal drugs. *See Woodall v. Hunnicutt,* 340 Ark. 377, 12 S.W.3d 630 (2000). Appellee claims that this court should hold that the accident could have happened because of the use of illegal drugs, and thus, affirm the Commission.

██ |₈Appellant admitted to having ingested the methamphetamine. Further, he admitted that he was using methamphetamine about once a week during that time. He claimed that he still slept well that night and was not under the effects of the methamphetamine when he went to work. Other workers were using water

and Pepsi trying to wipe the bottom of their shoes off because the roof was slippery. However, appellant was not engaging in any type of proactive measures to address the dry and dusty roof. Dr. Simmons testified that the concentrations of methamphetamine reflected in appellant's drug screen were quite significant. Because the concentrations were still high three days after the last known use, Dr. Simmons opined that appellant would have had to have taken a pharmacologically, toxicologically-significant dose of methamphetamine. He further stated that an eighth of a gram of methamphetamine would have still been circulating in appellant's system at the time of the accident and would have been consistent with an effect on appellant's judgment. Therefore, we hold that the Commission had before it a substantial basis for denying the requested relief.

Appellee claims that, as in *Woodall,* appellant's admission and the positive test result automatically raised the presumption that drugs were the cause of the accident and shifted the burden to appellant to show that they were not. The *Woodall* court held:

> The bottom line is that the appellant was on a rickety scaffolding and had drugs present in his bloodstream. He fell and was injured. The only question we need address is whether the accident could have happened because of the use of illegal drugs. The answer is, of course, that it could have happened just the way the Commission found. Because of the presumption created by former Ark.Code Ann. § 11–9–102(5)(B)(iv)(b) regarding drug use of the injured worker, which the Commission determined appellant failed to rebut, coupled with this Court's standard of review in workers' compensation cases wherein we do not hear the case

de novo, but rather affirm the Commission's decision if reasonable men could have reached the same conclusion as the Commission, we must affirm the Commission's denial of benefits to appellant....

*Id.* at 382, 12 S.W.3d at 633. Therefore, appellee claims that this court should find that appellant's accident could have happened just the way the Commission found and affirm its decision.

Appellee further cites *Ester v. National Home Centers, Inc.,* 335 Ark. 356, 981 S.W.2d 91 (1998), where the injured worker relied on his own testimony that he did not use illegal drugs on the day of the accident and his opinion testimony regarding how the accident occurred to rebut the statutory presumption. The Arkansas Supreme Court rejected these arguments, stating as follows:

> It is well settled that the credibility of witnesses is a matter completely within the province of the Commission. The Commission is not bound to accept the testimony of any witness, even if uncontradicted. Further, it is well-settled that the testimony of an interested party is taken as disputed as a matter of law. As an interested party, Mr. Ester's testimony must be considered controverted as a matter of law. Furthermore, according to his own testimony there were witnesses who could have corroborated his complaint about improper loading and his state of sobriety on the day of the accident and during the three days leading up to the accident. However, he chose not to call any of those witnesses. Whether a rebuttable presumption is overcome by the evidence is a question of fact for the Commission to determine. The Commission weighed Mr. Ester's uncorroborated testimony regarding his use of drugs and the improper loading of timber against positive test results for

cocaine metabolites and Trooper Nunn's testimony regarding the cause of the accident. Under these facts, we find that there is substantial evidence to support the Commission's decision that Mr. Ester failed to rebut by a preponderance of the evidence the statutory presumption that his injury was substantially occasioned by the use of cocaine.

*Id.* at 363–64, 981 S.W.2d at 95 (internal citations omitted).

In the instant matter, the Commission engaged in a similar analysis and reached an identical conclusion. Following the supreme court's decision in *Ester,* we affirm the Commission's decision.

Affirmed.

VAUGHT, C.J., and MARSHALL, J., agree.