2010 Ark. App. 464
**David HICKEY, Appellant**

v.

**Travis GARDISSER d/b/a Gardisser Construction, Appellee.**

**No. CA 10–98.**

Court of Appeals of Arkansas.

June 2, 2010.

Ken Osborne, Osborne & Baker, Fayetteville, AR, for appellant.

Shannon L. Fant, Bassett Law Firm LLP, Fayetteville, AR, for appellee.

ROBERT J. GLADWIN, Judge.

Appellant David Hickey challenges the Benton County Circuit Court's dismissal order of December 22, 2009, presenting for us the issue of whether his suit for negligence against appellee Travis Gardisser, d/b/a Gardisser Construction, is barred by the exclusivity provisions of the Arkansas Workers' Compensation Act (hereinafter "Act"). *See* Ark.Code Ann. § 11–9–105(a) (Repl.2002). We affirm the circuit court's dismissal.

## Statement of Facts

On November 22, 2006, while working for Gardisser Construction, which is wholly owned by Travis Gardisser, Hickey fell off a metal roof sustaining serious injury to his right ankle. He was transported to Siloam Springs Memorial Hospital where he underwent surgery to repair fractures in his right-distal fibula and distal tibia. Before Hickey was released from the hospital, a drug-screen test was administered, and it returned positive for methamphetamine. Based upon the positive drug screen, Gardisser controverted Hickey's claim pursuant to Arkansas Code Annotated section 11–9–102(4)(B)(iv)(a)–(d) (Supp.2009), which provides that a compensable injury does not include an injury where the accident was substantially occasioned by the use of illegal drugs.

On July 21, 2008, the Administrative Law Judge (ALJ) found that appellant met his burden of proving by a preponderance of the evidence that his injury was not substantially occasioned by the use of methamphetamine. The Full Commission reversed the decision of the ALJ on April 16, 2009, finding that Hickey failed to present sufficient credible evidence that his ankle injury was not substantially occasioned by his use of illegal drugs. On November 4, 2009, we affirmed the Commission's decision. *Hickey v. Gardisser Const.*, 2009 Ark. App. 725, 377 S.W.3d 259.

On July 21, 2009, during the pendency of the appeal of the workers' compensation case, Hickey filed a complaint against Travis Gardisser, d/b/a Gardisser Construction, in Benton County Circuit Court. The complaint alleged negligence against Gardisser and sought damages for injuries, medical expenses, pain and suffering, lost profits, and loss of earning. Gardisser filed a motion to dismiss or, alternatively, a motion for summary judgment, arguing that the rights and remedies provided by the Act were Hickey's exclusive rights and remedies. *See* Ark.Code Ann. §§ 11–9–101–1001 (Repl.2002 and Supp.2009). Gardisser attached to his motion exhibits "A" through "F," which included the circuit court complaint, the original workers' compensation claim, the ALJ's order, the Commission's opinion, and this court's docket sheet. Hickey supplemented his responsive brief by attaching this court's November 4, 2009 opinion, *Hickey v. Gardisser Const., supra.* The circuit court, on December 22, 2009, granted Gardisser's motion to dismiss with prejudice, basing its decision on "the doctrine of election of remedies and the exclusive remedy provided by the ... Act. *See* Ark.Code Ann. § 11–9–105(a)." Hickey filed a timely notice of appeal, and this appeal followed.

### Standard of Review

■ As a preliminary matter, while the parties treat this as an appeal from an order granting a motion to dismiss, six exhibits, as already noted, were attached to Gardisser's motion to dismiss or, alternatively, motion for summary judgment, and one exhibit was attached to Hickey's supplemental brief in support of his response to Gardisser's motion. It is well settled that when a circuit court considers matters outside the pleadings, appellate courts will treat a motion to dismiss as one for summary judgment. *Koch v. Adams,* 2010 Ark. 131, 361 S.W.3d 817. Because it is clear to this court that the circuit court considered exhibits outside of the pleadings in making its ruling, the dismissal is considered as one for summary judgment.

■ Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *See, e.g., Gentry v. Robinson,* 2009 Ark. 634, 361 S.W.3d 788. On appeal, this court usually determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* However, in a case such as this one, which does not involve the question of whether factual issues exist but rather the application of legal rules, we simply determine whether the appellee was entitled to judgment as a matter of law. *Ruth R. Remmel Revocable Trust v. Regions Fin. Corp.,* 369 Ark. 392, 255 S.W.3d 453 (2007).

### Discussion

■ Hickey admits that the Commission has exclusive, original jurisdiction to determine the facts that establish subject-matter jurisdiction. *See VanWagoner v. Beverly Enterprises,* 334 Ark. 12, 970 S.W.2d 810 (1998). Hickey claims that both he and his employer agree that he was obligated to file his case originally through the Commission. *See White v. Apollo–Lakewood, Inc.,* 290 Ark. 421, 720 S.W.2d 702 (1986); *Cain v. Nat'l Union Life Ins. Co.,* 290 Ark. 240, 718 S.W.2d 444 (1986); *Sontag v. Orbit Valve Co.* 283 Ark. 191, 672 S.W.2d 50 (1984); *Johnson v. Houston Gen'l Ins. Co.,* 259 Ark. 724, 536 S.W.2d 121 (1976). He argues, however, that once the Commission finds that it does not have subject-matter jurisdiction of a particular injury, the injured worker is free to move into a forum that has the necessary authority to grant relief. Hickey asserts that he did not receive a remedy but is entitled to one under Article II, section 13 of the Arkansas Constitution, which states, "Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property, or character."

Hickey maintains that he was denied his claim by the Commission based on the rebuttable presumption of illegal drugs present in his system. An injured worker who tests positive for alcohol or drugs is presumed to be excluded from coverage by the Act. "[A] compensable injury does not include . . . an injury where the accident was occasioned by the use of . . . illegal drugs." Ark.Code Ann. § 11–9–102(4)(B)(iv)(a). Therefore, Hickey contends that the language of the Act has defined those injuries occasioned by the use of illegal drugs to be outside of the fundamental coverage provisions of workers' compensation. Therefore, Hickey asserts that his injury is outside of the coverage afforded by the Act and there is no remedy available to him under the same.

Finally, Hickey argues that he did not elect a remedy, but followed the protocol required by law to file his claim first with the Commission. He contends that the trial court incorrectly determined that he had elected his remedy and is precluded from bringing this action in circuit court based upon the election-of-remedies doctrine. In *VanWagoner, supra,* the Arkansas Supreme Court held that the Commission has exclusive, original jurisdiction to determine the facts that establish subject-matter jurisdiction. Hickey contends that, pursuant to *VanWagoner,* an employee has made no election of remedies and it is mandated that he must first file a claim with the Workers' Compensation Commission because it has original jurisdiction. He complains that he first filed with the Commission, but got no recovery because the Commission determined that the injury was not covered under the Act. Therefore, he claims that the Commission lacks subject-matter jurisdiction of his injury, thus enabling him to seek a remedy outside the Act.

Gardisser maintains that the trial court did not err in dismissing Hickey's case with prejudice. Citing Arkansas Code Annotated section 11–9–105(a), Gardisser contends that Hickey's claim is barred. That section provides:

> The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer, or any principal, officer, director, stockholder, or partner acting in his or her capacity as an employer, or prime contractor of the employer, on account of the injury or death, and the negligent acts of a coemployee shall not be imputed to the employer. No role, capacity, or persona of any employer, principal, officer, director, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this chapter, and the remedies and rights provided by this chapter shall in fact be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.

Like Hickey, Gardisser cites *White v. Apollo–Lakewood, Inc., supra; Cain v. Nat'l Union Life Ins. Co., supra; Sontag v. Orbit Valve Co., supra;* and *Johnson v. Houston Gen'l Ins. Co., supra;* however, he does so for the proposition that the exclusive remedy of an employee for injury or death arising out of and in the course of his employment is a claim for workers' compensation benefits. Further, Gardisser asserts that, pursuant to *Zenith Insurance Company v. VNE, Inc.,* 61 Ark.App. 165, 965 S.W.2d 805 (1998), an employer that has secured workers' compensation benefits for its employees cannot be sued in tort by its employees for injury or death arising out of their employment.[1] When an employer fails to secure workers' compensation benefits for his employees, the employee injured in the course of his employment can elect to maintain a legal action in court for damages. *Id.;* Ark. Code Ann. § 11–9–105(b)(1).

In discussing section 11–9–105(a), the Arkansas Supreme Court stated:

> As this court has previously observed, the reason for the exclusivity provision in that section mirrors the general pur-

---

1. The intentional-torts exception explained in *Zenith, supra,* is inapplicable to the instant case.

pose behind our Workers' Compensation Act, which was to change the common law by shifting the burden of all work-related injuries from individual employers and employees to the consuming public with the concept of fault being virtually immaterial. *See Simmons First Nat'l Bank v. Thompson*, 285 Ark. 275, 686 S.W.2d 415 (1985). With the passage of such statutes, employers gave up the common-law defenses of contributory negligence, fellow servant, and assumption of the risk and, likewise, employees gave up the chance of recovering unlimited damages in tort actions in return for certain recovery in all work-related cases. *Id.* In other words, the exclusive benefits provision of our workers' compensation law favors both the employer and the employee, and thus we take a narrow view of any attempt to seek damages beyond that favored, exclusive remedy.

*Brown v. Finney*, 326 Ark. 691, 694, 932 S.W.2d 769, 771 (1996). Gardisser contends that Hickey's claims falls within the Act. We agree.

Gardisser further argues that this court lacks subject-matter jurisdiction. Hickey worked as an employee for Gardisser, filed for workers' compensation benefits, and stipulated that the Commission had jurisdiction over the claim. The denial of Hickey's claim by the Commission does not unlock the door to circuit court. *See Rankin v. Farmers Tractor & Equip. Co.,* 319 Ark. 26, 888 S.W.2d 657 (1994).

Gardisser asserts that, even though Hickey was not awarded money for his ankle injury through the Commission, his injuries were covered by the Act. Because the Commission requires first that the injuries covered must be proven to arise out of and in the course of employment, Gardisser claims that Hickey's injury is subject to the provisions of the Act. Further, Gardisser argues that Hickey had the burden of proof to establish that his injury was not substantially occasioned by the illegal drug use. Ark.Code Ann. § 11–9–102(4)(B)(iv)(d). We agree.

Rather than the Commission lacking subject-matter jurisdiction over cases involving drug and alcohol use, it retains jurisdiction, but with the burden of proof shifting to the employee to rebut the presumption that the injury was occasioned by the illegal drug use. The Commission's jurisdiction does not turn on the ability of the claimant to meet his burden of proof but on the nature of the employment relationship and the employee's actions at the time of the injury. Hickey was subject to the provisions of the Act. He did have a remedy available under the Act, but he failed to overcome the presumption invoked by Gardisser's intoxication defense in order to receive the remedy.

■ Gardisser points out that Hickey did not argue to the trial court that the Act is unconstitutional pursuant to Article II, section 13 of the Arkansas Constitution. However, that provision does address access to the courts and does not mean that everyone who brings a cause of action must recover money. Further, if subject-matter jurisdiction of the injury were released by this court's decision affirming the Commission, then there would be a multitude of negligence cases filed in circuit court from claimants who have fully litigated their cases before the Commission and lost.

Accordingly, we affirm the circuit court's dismissal.

Affirmed.

PITTMAN and GLOVER, JJ., agree.