Richard BRANSCUM *v.* RNR CONSTRUCTION
COMPANY

CA 97-217                                    959 S.W.2d 429

Court of Appeals of Arkansas
Division I
Opinion delivered January 14, 1998

*McDaniel & Wells, P.A.*, by: *Phillip Wells*, for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Jim Tilley* and *Julia Busfield*, for appellee.

JOHN E. JENNINGS, Judge. The appellant, Richard Branscum, was a general contractor and manager of RNR Construction Company, a heating and air conditioning business. At the time of the hearing below he was thirty-one years old. On May 9, 1994, he was working in Blytheville, Arkansas, when he fell approximately thirty-five feet from a "bucket truck." He sustained back and internal injuries. A bone scan of Mr. Branscum's back was normal. Dr. Ed Pratt, an orthopaedic surgeon, diagnosed his condition as chronic low-back pain and leg pain and concluded that the condition was "non-operative." Dr. Moacir Schnapp concluded in November 1994 that Mr. Branscum had reached maximum medical improvement and rated his anatomical impairment at twenty percent to the body as a whole.

At a hearing before the administrative law judge, Mr. Branscum contended that as a result of his compensable injury he suffered from psychological problems, including depression and post-traumatic stress disorder, for which he was entitled to appropriate benefits. He also contended that he was permanently and totally disabled as a result of the injury. The administrative law judge awarded Branscum a thirty percent wage-loss disability.

The employer appealed to the full Commission arguing that the award of wage-loss disability was error. Mr. Branscum cross-appealed, arguing that the award was inadequate. The Commission held that Branscum was not entitled to an award of wage-loss disability. Specifically, the Commission held: (1) that Branscum's psychological injury was not compensable because it was not shown, pursuant to Ark. Code Ann. § 11-9-113(a)(2) (Repl. 1996), that the diagnosis of the condition meets the criteria established in the most current issue of the *Diagnostic and Statistical Manual of Mental Disorders*, ("DSM"); and (2) that even if the claimant's psychological condition was compensable, he would not be entitled to wage-loss disability because of the limitation of benefits in section 11-9-113(b)(1) (Repl. 1996).

On appeal to this court, Branscum contends that both holdings of the Commission were error and that, when the effects of his psychological problems are considered, it was error for the Commission not to award wage-loss disability. Because we hold that the Commission's finding that Branscum's psychological condition was not compensable is supported by substantial evidence, we affirm.

Arkansas Code Annotated section 11-9-113(a)(2) (Repl. 1996) provides:

> No mental injury or illness under this section shall be compensable unless it is also diagnosed by a licensed psychiatrist or psychologist and unless the diagnosis of the condition meets the criteria established in the most current issue of the *Diagnostic and Statistical Manual of Mental Disorders*.

The most current issue of that publication is the fourth edition, copywritten in 1994 by the American Psychiatric Association. As an example, the diagnostic criteria for post-traumatic stress disorder are listed at page 428 of the manual:

> A. The person has been exposed to a traumatic event in which both of the following were present:
> (1) the person experienced, witnessed, or was confronted with an event or events that involved actual or threatened death or serious injury, or a threat to the physical integrity of self or others

(2)   the person's response involved intense fear, helplessness, or horror. *Note*: In children, this may be expressed instead by disorganized or agitated behavior

B.   The traumatic event is persistently reexperienced in at least one of the following ways:
(1)   recurrent and intrusive distressing recollections of the event, including images, thoughts, or perceptions. *Note*: In young children, repetitive play in which themes or aspects of the trauma are expressed
(2)   recurrent distressing dreams of the event. *Note*: In children, there may be frightening dreams without recognizable content.
(3)   acting or feeling as if the traumatic event were recurring (includes a sense of reliving the experience, illusions, hallucinations, and dissociative flashback episodes, including those that occur on awakening or when intoxicated). *Note*: In young children, trauma-specific reenactment may occur.
(4)   intense psychological distress at exposure to internal or external cues that symbolize or resemble an aspect of the traumatic event
(5)   physiological reactivity on exposure to internal or external cues that symbolize or resemble an aspect of the traumatic event

C.   Persistent avoidance of stimuli associated with the trauma and numbing of general responsiveness (not present before the trauma), as indicated by three (or more) of the following:
(1)   efforts to avoid thoughts, feelings, or conversations associated with the trauma
(2)   efforts to avoid activities, places, or people that arouse recollections of the trauma
(3)   inability to recall an important aspect of the trauma
(4)   markedly diminished interest or participation in significant activities
(5)   feeling of detachment or estrangement from others
(6)   restricted range of affect, (e.g., unable to have loving feelings)
(7)   sense of a foreshortened future (e.g., does not expect to have a career, marriage, children, or a normal life span)

D.   Persistent symptoms of increased arousal (not present before the trauma), as indicated by at least two (or more) of the following:

(1)  difficulty falling or staying asleep
(2)  irritability or outbursts of anger
(3)  difficulty concentrating
(4)  hypervigilance
(5)  exaggerated startle response

E.  Duration of the disturbance (symptoms in Criteria B, C, and D) is more than one month.

F.  The disturbance causes clinically significant distress or impairment in social, occupational, or other important areas of functioning.

Specify if:
*Acute*:   if duration of symptoms is less than 3 months
*Chronic*:   if duration of symptoms is 3 months or more
Specify if:
*With delayed onset*:   if onset of symptoms is at least 6 months after the stressor.

■ ■   The question whether the diagnosis of the condition meets the criteria established in the DSM must ordinarily be one of fact. The claimant has the burden of proof on this issue by a preponderance of the evidence. Ark. Code Ann. § 11-9-102(5)(e)(i) (Supp. 1997). In reviewing the Commission's decision on a question of fact, we will affirm the Commission if its decision is supported by substantial evidence. *McMillan v. U.S. Motors*, 59 Ark. App. 85, 953 S.W.2d 907 (1997). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *City of Fort Smith v. Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1992).

In the case at bar Dr. Paul Neal, a clinical psychologist, reported that "the suggested diagnoses" for Mr. Branscum were post-traumatic stress disorder, major depression with melancholy and generalized anxiety disorder, and mixed personalities disorder with borderline and avoidant features. A report from Dr. John Harris, a psychiatrist, stated that appellant's thought content included "symptoms suggesting the presence of a post-traumatic stress disorder. . . ." It was his impression that Mr. Branscum had major depression, single episode, and post-traumatic stress disorder, "by history." In a later report Dr. Harris concluded that there was no basis to conclude that Mr. Branscum suffered from the effects of significant psychiatrical impairment.

■ ■ Neither Dr. Neal's nor Dr. Harris's reports refers to
the DSM nor to the criteria for the various disorders discussed. It
is true that Dr. Harris's first report refers to five axes which corre-
spond to the system of "multi-axial assessment" set out by the
DSM, but this cannot be said to conclusively establish that the
DSM criteria were met. Where a claim is denied, the substantial
evidence standard of review requires us to affirm the Commission
if its opinion displays a substantial basis for the denial of the relief
sought. *Linthicum v. Mar-Bax Shirt Co.*, 23 Ark. App. 26, 741
S.W.2d 275 (1987). Here the Commission's opinion adequately
explains why it was not persuaded that the diagnosis of the appel-
lant met the criteria established by the DSM.

The Commission went on to hold that, even if it were to find
that Mr. Branscum sustained a compensable mental injury, that
injury would not support an award of wage-loss disability because
Ark. Code Ann. § 11-9-113(b) (Repl. 1996) limits recovery for a
compensable mental injury to twenty-six weeks of disability bene-
fits. Although Branscum contends that this holding was error, we
need not reach the issue because we have upheld the Commis-
sion's determination here that the mental injury was not
compensable.

Finally, appellant contends that the Commission erred in
declining to award wage-loss disability over and above his physical
impairment rating. On this issue the Commission said:

> Consequently, even if we were to find that the claimant sustained
> a compensable, mental injury, which we do not find, we cannot
> use it as the basis for awarding wage loss disability.
>
> When we take into consideration the claimant's age, educa-
> tion, work experience, medical evidence, post-injury income,
> credibility, demeanor, and interest in returning to work, we find
> that the claimant has not sustained any disability over and above
> his physical impairment rating. . . . The functional capacity eval-
> uation revealed that the claimant was capable returning to the
> workforce. The limitations placed upon the claimant by the eval-
> uation were far from rigorous, and the claimant was not unduly
> restricted. The medical evidence clearly reveals that the claimant
> may and should return to the workforce.
>
> Despite the medical clearance to return to work, the claim-
> ant never attempted to return to work or to work rehabilitation,

yet he has begun flying lessons. At the time of the hearing, the claimant was only 31 years of age. He is a high school graduate and he attended one year of college in addition to several vocational courses. The claimant has experience supervising employees and he has owned his own business. These factors coupled with the recommendations from his physicians that he return to work as well as Dr. Harris' evaluation which states there are ". . .no contradictions for Mr. Branscum to resume active participation in his previous vocation. . ." clearly show that the claimant has failed to prove by a preponderance of the evidence any wage loss disability.

■ We cannot say that the Commission's decision in this regard was not supported by substantial evidence.

For the reasons stated the Commission's decision is affirmed.

Affirmed.

AREY and GRIFFEN, JJ., agree.