WHITE CONSOLIDATED INDUSTRIES *v.*
Denise GALLOWAY

CA 00-1199                                          45 S.W.3d 396

Court of Appeals of Arkansas
Division II
Opinion delivered May 16, 2001

*Laser Law Firm, P.A.*, by: *Keith M. McPherson*, for appellant.

*Davis, Mitchell & Davis*, by: *Gary Davis*, for appellee.

JOHN B. ROBBINS, Judge. Appellee Denise Galloway has been employed on an assembly line by appellant White Consolidated Industries for fourteen years. On June 5, 1989, she sustained a compensable low back injury while handling heavy refrigeration equipment in the course and scope of her employment. Mrs. Galloway suffered a recurrence of her compensable injury on May 10, 1998, while hanging clothes in her home. The appellant covered related medical treatment, which included diagnostic testing, prescription medications, and physical therapy. However, in 1999 appellant controverted Mrs. Galloway's claim that she was entitled to undergo intradiscal electrothermal treatment (IDET), a procedure introduced in 1997 as an alternative to spinal fusion. The appellant argued that the procedure was experimental and not reasonably necessary for the treatment of Mrs. Galloway's back condition. After a hearing, the Commission disagreed, finding that the IDET procedure constitutes reasonable and necessary treatment. For reversal, appellant argues that the Commission's decision is not supported by substantial evidence. We find no error and affirm.

This court affirms findings of fact by the Commission if the decision is supported by substantial evidence. *Branscum v. RNR Constr. Co.*, 60 Ark. App. 116, 959 S.W.2d 429 (1998). Substantial evidence exists if reasonable minds could have reached the same conclusion without resort to speculation or conjecture. *Arkansas Dep't of Correction v. Glover*, 35 Ark. App. 32, 812 S.W.2d 692 (1991).

Mrs. Galloway testified on her own behalf and stated that, since the June 1989 injury, she has continued to work but has been given restrictions limiting her bending, stooping, and lifting. She stated that she has been on constant medication and has undergone periodic physical therapy. Despite her treatments, Mrs. Galloway experiences daily problems related to her low back condition, including backache, pain and numbness in her legs and feet, and sleepless nights. She stated that for several years she has been under the care of Drs. Edward Saer and J. Tod Ghormley, and that both doctors have recommended the IDET procedure. According to Mrs. Galloway, her doctors informed her that the only other option was fusion surgery, but neither recommended it. Mrs. Galloway testified that, after speaking with her doctors, she has decided that she wants to undergo the IDET procedure.

In a medical report prepared on May 18, 1999, Dr. Saer indicated that Mrs. Galloway has two abnormal discs and that, although her condition cannot be cured, there are procedures that may help alleviate her pain. Dr. Saer stated further in the report:

> Unfortunately, with two level disc disease, a fusion is not really a good option. If L4-5 was the only symptomatic level then I think that would be an option. The L3-4 level does not look like it is "bad enough" to warrant fusion. I did discuss the IDET procedure (intradiscal electrothermal treatment) with her. This could be done at two levels and I think she would be a candidate for that. She's had symptoms for many years and is having predominantly back pain. I did discuss this with her and gave her some information about this. She's going to think about this and let us know how she wants to proceed.

In a report authored by Dr. Ghormley on July 19, 1999, he stated, "I agree that sending [Mrs. Galloway] to Dr. Saer for the intradiscal electrothermal treatment would be helpful," and that, "Risks I believe would be minimal."

On appeal, White Consolidated Industries argues that, notwithstanding the opinions of Drs. Saer and Ghormley, Mrs. Galloway failed to establish that the IDET procedure is a reasonably necessary treatment for her compensable injury. The appellant submits that the testimony of Mrs. Galloway, as well as the opinions of her doctors, were refuted by documentary medical literature that it collected and presented to the Commission. This literature reveals that the IDET procedure was pioneered in 1997, and that while short-term studies have been conducted, there has been insufficient

time to study the long-term effects of the treatment. The appellant notes that the documentary evidence indicates that the IDET procedure may not alleviate the symptoms of some patients and may need to be repeated. This uncertainty was acknowledged by Dr. Saer in his August 26, 1999, report when he stated, "She asked what would happen if she had this procedure and was still symptomatic and I think that is something we would just have to evaluate at that time."

The appellant also makes reference to a pamphlet introduced by Mrs. Galloway, entitled "An Introduction to SpineCath Intradiscal Electrothermal Therapy." The pamphlet indicates that many factors may prevent a physician from recommending IDET therapy, including "very narrow disc height, severe disc herniation, spinal instability, very advanced stages of disc degeneration, or various general health concerns." The appellant points out that the opinions expressed by Drs. Saer and Ghormley do not address any of the above concerns. In addition, the pamphlet states it is "very important for your physician to diagnose that the disc is the primary source of your back pain," and appellant notes that Dr. Saer reported in April 1999 that it was "difficult to pinpoint any one specific area as the cause of her symptoms."

The appellant contends that the medical opinions relied on by the Commission in awarding compensation for the IDET procedure were insufficient because they amounted to mere conclusions, without any medical explanation as to why the procedure is necessary in treating Mrs. Galloway's specific condition. Moreover, appellant urges that the medical opinions were faulty in that they failed to address the probability of success of the procedure, and further failed to discuss the effect of the procedure on other back problems afflicting Mrs. Galloway, such as degenerative disc disease. Particularly in light of the fact that the IDET procedure is new in the Arkansas medical and legal communities, the appellant contends that the procedure was erroneously authorized by the Commission.

The appellant correctly asserts that it is only required to provide medical services that are reasonably necessary in treatment of the compensable injury. *See* Ark. Code Ann. § 11-9-508(a) (Repl. 1996). What constitutes reasonably necessary medical treatment is a question to be determined by the Commission. *Gansky v. Hi-Tech Engineering*, 325 Ark. 163, 924 S.W.2d 790 (1996). In the instant case, we hold that there was substantial evidence to support the Commission's finding that the IDET procedure is reasonably necessary in treating Mrs. Galloway's compensable low back condition.

■■ In its opinion, the Commission specifically stated that it gave greater weight to the opinions of Mrs. Galloway's treating physicians than the documentary evidence offered by appellant. Indeed, it is the function of the Commission to weigh medical evidence, *Continental Express v. Harris*, 61 Ark. App. 198, 965 S.W.2d 811 (1998), and in this case the medical opinions of Drs. Saer and Ghormley supported the Commission's decision, and these were the only opinions addressing the issue of whether or not the IDET procedure was necessary in this case. The appellant cites no authority, and we know of none, that requires a 100 percent success rate before a procedure may be deemed reasonably necessary under workers' compensation law. Nor does it cite authority or convincing argument for the proposition that the opinions of medical experts must be accompanied by specific details underlying and supporting their opinions. In the instant case, Drs. Saer and Ghormley treated Mrs. Galloway for her compensable back condition for a number of years, and both recommended the IDET procedure as an alternative to fusion surgery. The procedure is designed to alleviate Mrs. Galloway's chronic back pain, and after weighing her alternatives she consented to her doctors' recommendation. The Commission was free to accept the only medical opinions offered in this case, and they amounted to substantial evidence supporting its decision.

Affirmed.

JENNINGS and BAKER, JJ., agree.