2013 Ark.App. 153

**Shirley WALKER, Appellant**

v.

**UNITED CEREBRAL PALSY OF ARKANSAS; Great River Insurance Company; and Second Injury Fund, Appellees.**

**No. CA 12–858.**

Court of Appeals of Arkansas.

March 6, 2013.

Sheila F. Campbell, P.A., Little Rock, by: Sheila F. Campbell, for appellant.

Friday, Eldredge & Clark, LLP, Little Rock, by: Guy Alton Wade and Travis J. Fowler, for appellees.

ROBERT J. GLADWIN, Chief Judge.

Appellant Shirley Walker files this pro se appeal from the August 30, 2012 Arkansas Workers' Compensation Commission's opinion reversing the April 26, 2012 opinion of the Administrative Law Judge (ALJ) and finding that she failed to prove by a preponderance of the evidence her entitlement to additional medical treatment under the care of Dr. Kevin Collins. Appellant asserts that the Commission unreasonably determined that she failed to prove that additional treatment for her July 2000 lumbar-spine injury was reasonable and necessary. We affirm.

On July 15, 2000, appellant sustained a compensable injury when she was assisting a patient from a wheelchair. Appellant initially was seen by her primary-care physician, Dr. William Joseph, who referred her to Dr. John Wilson at Ortho Arkansas. Appellant was diagnosed with a lumbar strain and associated spasms, determined to have no permanent injury, and released to normal activities after three weeks.

On October 10, 2000, appellant complained of chronic back pain and was referred to Dr. Collins. From late 2000 through 2005, she saw a number of physicians and received a variety of treatments. By 2005, the medical consensus was that appellant's remaining pain and symptoms were the result of degenerative changes.

On July 19, 2005, appellant once again saw Dr. Collins, who noted that appellant was at maximum medical improvement and assigned her an eleven-percent physical-impairment rating to the body as a whole on July 19, 2005, which appellees accepted. Appellant did not undergo any additional treatment with Dr. Collins until six years later in 2011.

In 2010, appellant petitioned the Commission for a continued athletic-club membership and mileage reimbursement, which was granted. During those hearings, appellant testified that the athletic-club membership was necessary because it alleviated her pain in lieu of pain medication. Appellant left appellee's employment and

worked for over ten years at the Arkansas State Hospital. She acknowledged that she worked twelve-hour shifts in direct-patient care. Appellant testified that she was unable to take pain medication because of her work. Appellant was awarded the continued gym membership and mileage reimbursement based on the assertion that she would be going to the gym so that she would not have to take pain medication and could remain alert at work.

However, it was discovered that appellant was terminated for sleeping on the job, which she attributed to her prescription-drug use. Twelve years after the initial work injury, appellant requested additional medical treatment and another extension of her gym membership. Appellant refused to undergo the offered independent medical examination suggested as a compromise by appellees. Due to appellant's refusal, the records in this case were reviewed by Dr. Earl Peeples for an opinion. Dr. Peeples opined that the best thing for appellant would be to resume activities, including gainful employment. He further stated that continued medication and treatment by Dr. Collins was both unnecessary and not related to the twelve-year-old injury.

Appellant presented no rebuttal opinion or documentation. After a review of the record and briefs of the parties, the Commission denied appellant's claim in its November 5, 2010 opinion. Appellant subsequently sought additional medical benefits in the form of continuing treatment from Dr. Collins. The ALJ held in her opinion of April 26, 2012, that the Commission's November 5, 2010 opinion is the law of the case and that appellant proved by a preponderance of the evidence her entitlement to additional medical treatment under the care of Dr. Collins. Appellee, United Cerebral Palsy, appealed the decision of the ALJ to the Commission, and

that decision was reversed on August 30, 2012. This appeal followed.

In reviewing a decision of the Workers' Compensation Commission, an appellate court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirms those findings if they are supported by substantial evidence, which is evidence a reasonable person might accept as adequate to support a conclusion. *Johnson v. Latex Constr. Co.,* 94 Ark.App. 431, 232 S.W.3d 504 (2006). The issue on appeal is not whether there is evidence that could support a different finding. *Minnesota Mining & Mfg. v. Baker,* 337 Ark. 94, 989 S.W.2d 151 (1999).

When a claim is denied because the claimant has failed to show an entitlement to compensation by a preponderance of the evidence, the substantial-evidence standard of review requires us to affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Johnson, supra.* We do not reverse a decision of the Commission unless we are convinced that fair-minded persons with the same facts before them could not have arrived at the conclusion reached. *Id.*

Employers are required to promptly provide medical services that are reasonably necessary for treatment of compensable injuries. Ark.Code Ann. § 11–9–508(a) (Repl.2012). However, injured employees have the burden of proving by a preponderance of the evidence that medical treatment is reasonably necessary for treatment of the compensable injury. *White Consol. Indus. v. Galloway,* 74 Ark.App. 13, 45 S.W.3d 396 (2001). In assessing whether a given medical procedure is reasonably necessary for treatment of the compensable injury, the Commission analyzes both the proposed procedure and the condition it sought to remedy.

Appellant asks this court to re-evaluate the evidence presented below and hold in her favor. After analyzing the medical records of other physicians, Dr. Peeples opined that there was "no traumatic anatomy that has been identified in Ms. Walker." Appellant argues that this opinion contradicts the previously accepted on-the-job injury to her back. Appellant claims that Dr. Peeples cannot undermine the law of the case by now stating after the fact that appellant has no work-related injury and that "incidental anatomy unrelated to the incident has been identified and treated without good justification." Appellant notes that Dr. Cathey refused to opine whether the findings were not incidental to a work-related injury. Appellant contends that Dr. Peeples misstated the law when he said that causation had to be established by objective, identifiable anatomic trauma. Objective medical evidence is necessary to establish the existence and extent of an injury but is not essential to establish the causal relationship between the injury and a work-related accident in a workers' compensation case. *Wal–Mart Stores, Inc. v. VanWagner*, 337 Ark. 443, 990 S.W.2d 522 (1999).

Appellant notes that her primary physicians, Dr. Collins and Dr. Mocek, opined that she needed pain management for a back condition that the Commission previously found compensable. Dr. Collins also recommended that appellant continue on her medications, see him every three months, and continue undergoing an exercise program at the North Little Rock Athletic Club to help strengthen her back.[1] She acknowledges that the Commission has the duty of weighing medical evidence and, if the evidence is conflicting, its resolution is a question of fact for the Commission. *Whaley v. Hardee's*, 51 Ark.App. 166, 912 S.W.2d 14 (1995); *Henson v. Club Prods.*, 22 Ark.App. 136, 736 S.W.2d 290 (1987).

We decline to re-evaluate the evidence in appellant's favor, and we hold that substantial evidence supports the Commission's findings. Upon reviewing the medical records and medical opinions presented in this case, the Commission determined that appellant's recent back pain and complaints were the result of a degenerative condition and not the 2000 work injury. The Commission found as follows:

[T]he weight of medical evidence in this claim, including numerous diagnostic studies and the credible medical opinions of multiple specialists, indicates that the claimant's current symptoms are the exclusive result of degenerative disc disease for which prescription medications and even gym membership are not reasonably necessary to treat. . . . [I]t is incomprehensible how reasonable minds could conclude that she is currently entitled to medical treatment in any way, shape, or form for a compensable lumbar strain that occurred well over a decade ago and from which she has long since healed.

The Commission's opinion noted a number of specific notations of "substantial evidence" to support its determination, including that "it has been the conclusion of each of [appellant's] physicians that she suffers from degenerative disc disease . . . that will only get worse with time." The Commission continued that, "even Dr. Mocek [who was presented on appellant's behalf] admitted that [appellant's] herniation was 'most likely degenerative' in etiology."

---

1. Appellees stipulated to continuing the exercise program at the North Little Rock Athletic Club, which appellant claims is an acknowledgment that she still has symptoms from the effects of the on-the-job injury.

The Commission also highlighted that, "while it has been accepted that the claimant reached maximum medical improvement in 2009, the record indicates that it was the opinion of several physicians ... that her back strain healed long before that time." The Commission also looked to the treatment appellant was seeking and determined that "all of [appellant's] current medical treatment, including her gym membership, appears to be geared toward the maintenance and management of her unrelated arthritis, as opposed to an acute injury that has long-since healed." In sum, the Commission reviewed the records and held that "the |7weight of the medical evidence demonstrates that [appellant] suffers from degenerative disc disease that is clearly unrelated to her compensable injury from twelve years prior."

■ Appellant's argument relies almost exclusively on her own subjective recounting of her pain and symptoms and the alleged conflicts between various doctors' testimony. The Commission has already rendered weight and credibility determinations on that evidence, and those determinations are not subject to appellate review. *Arbaugh v. AG Processing, Inc.*, 360 Ark. 491, 202 S.W.3d 519 (2005). The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Cottage Cafe, Inc. v. Collette*, 94 Ark.App. 72, 226 S.W.3d 27 (2006).

The Commission found that appellant's testimony on pain and symptoms "on the whole is inconsistent and contradictory with regard to her alleged need for medical treatment." As an example, appellant continues to argue that she still has "chronic pain" and "spasms." A review of the medical records reveals that the last documented "spasms" by a medical provider was the September 26, 2000 note of Dr. John Wilson. At that time, Dr. Wilson only noted these as "mild," and he returned appellant to normal activities within three weeks and then returned her to regular work. Dr. Wilson also determined that there was no objective support for a permanent-partial-disability rating.

Dr. Cathey's neurological examination was negative, and he found no sign of lumbar radiculopathy and could not identify any muscle spasms or restriction of movement. Dr. Cathey noted that, "interestingly, Ms. Walker complained bitterly of low back pain with |8rotation of the shoulders and compression of the head. These maneuvers ordinarily do no [sic] produce pain even in acute situations and are typically categorized as 'hysterical signs.'" Dr. Cathey also noted, "I anticipate Ms. Walker will always have a perception of chronic lower back pain."

The notes of Dr. Mocek and those of appellant's own chosen physician, Dr. Collins, also fail to document any "spasms." It was only Dr. Mocek's June 1, 2010 note from appellant's last visit in which he indicated that "she returns for follow up of the pain that she has in the low back and she complains of 'spasms' all over her body." This information report by appellant is inconsistent with Dr. Mocek's examination results from that date, which made no mention of any discovered or diagnosed "spasms," much less those that appellant claimed existed "all over her body." Likewise, at her April 4 and July 7, 2011 visits, Dr. Collins did not find or mention anything other than "tenderness."

Further, in considering appellant's conflicting testimony, the Commission found "it evident that she was perhaps prepared to say anything at the 2010 hearing that would allow her to continue in a long-held gym membership with all of its perks and benefits that she might not otherwise be

able to keep...." The Commission determined that, to the extent there were conflicts in the medical evidence, greater weight was to be given to appellees' proof. Specifically, the Commission held, "We assign more weight to Dr. Peeples' recent opinion that no additional medical testing or treatment is necessary for the claimant's relatively minor back strain of 2000 over any medical opinion that might state otherwise."

Affirmed.

WYNNE and HIXSON, JJ., agree.